W. E. Bartley et al., late trading as Farmers' Oil Co., Appellants, v. Thomas W. Phillips.

165  325
s179 181
165      325
30 SC ²144

*Lease—Oil lease—Abandonment—Ejectment.*

In an action of ejectment to recover possession of land leased under an oil lease, where defendants claim that plaintiffs had abandoned their rights under their lease, but this is denied by plaintiffs in their abstract of title, the question of abandonment is a mixed question of acts and intention, which must be submitted to the jury.

As against any but the grantor, an abandonment is not complete until the statutory period of limitation, or the end of the term granted, and possession may be resumed by the grantee at any time previous.

*Evidence—Oil lease—Due diligence—Parol evidence.*

Where an oil lease provides that the work shall " be prosecuted with due diligence until completion or abandonment," the question of what is due diligence is a question of fact upon which the parties may agree apart from the writing, and parol proof of the understanding and agreement of the parties upon the subject, is proper evidence.

*Oil lease—Forfeitures—Parties—Ejectment.*

The clause of forfeiture in an ordinary oil lease is for the benefit of the lessor, and no act of the lessee can terminate the lease under the forfeiture clause without the lessor's concurrence.

An action of ejectment cannot be maintained against a lessee in an oil lease by a stranger on the ground that the lessee had abandoned the premises, where there is no evidence that the lessor had exercised his right to forfeit the lease.

*Ejectment—Abstract of title—Nonsuit—Evidence.*

In an action of ejectment to recover an oil lease, where the defendant set up an abandonment by the plaintiffs, and avers title in himself under the lessor, the court cannot enter a nonsuit on the ground that defendant's title under the lessor appeared by his abstract of title, when the abstract of title had not been offered in evidence by plaintiffs. An entry of nonsuit under such circumstances would be a premature determination of the issue.

Argued Oct. 17, 1894.    Appeal, No. 253, Oct. T., 1894, by plaintiffs from judgment of C. P. Butler Co., June T., 1892, entering a nonsuit in favor of defendant.    Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Ejectment for land covered by oil lease.    Before GREER, P. J.

At the trial it appeared that, on Sept. 8, 1888, J. A. Hartzell leased to plaintiffs seventy acres of land for oil purposes.    The lease was for the term of ten years.    By the terms of the contract plaintiffs were to commence operations for mining purposes within thirty days from the execution of the lease, and when work was commenced it was to be prosecuted with due diligence until completion or abandonment.    Plaintiffs commenced operations upon the land within fifteen days after the execution of the lease and drilled a well, finishing it the latter part of October, 1888.    Defendants in their abstract of title claimed title under Hartzell, by lease dated in 1891, and averred that plaintiffs had abandoned their rights under their lease. Plaintiffs filed a counter abstract in which they denied that they had abandoned or surrendered the lease.

Plaintiffs gave in evidence their abstract and lease.

Plaintiffs then proposed to show by W. J. Burton that about January, 1890, Hartzell, the lessor, recognized the validity of the lease and entered into negotiations with plaintiffs for the surrender of the lease, and recognized their right to it and waived any claim to abandonment. Defendant objects because the offer to show that Hartzell recognized the lease without showing how he recognized it, to show that he entered into negotiations for the surrender of it without showing with whom, to show that he waived the abandonment of the lease without offering to show how, would be objected to in any case, but it is objected to now because there is no offer to show that notice of the arrangement, recognition or waiver was given to defendant. Objection sustained and exception. [1]

J. A. Hartzell, a witness for plaintiff, was asked : After they (plaintiffs) had drilled that well, from that time on as long as you knew this property, state whether you attempted to forfeit the lease in any way, or made any claim that it had been lost or abandoned by the Farmers' Oil Company. Objected to because as a fact that covers a space in which the court has already ruled this testimony as incompetent, and because what he may have done or not have done, not being communicated to Mr. Phillips, is incompetent. Objection sustained and exception. [2]

The court entered a compulsory nonsuit and subsequently refused to take it off. Plaintiffs appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting bills of exception ; (3) refusal to take off nonsuit.

*T. C. Campbell, Lev. McQuistion, W. A. Forquer* with him, for appellant, cited : Wells v. Mfg. Co., 47 N. H. 235 ; Mobley v. Bruner, 59 Pa. 481 ; 1 Sharswood & Budd's Lead. Cas., p. 141 ; Wills v. Gas Co., 130 Pa. 222 ; Neely v. Blair, 144 Pa. 250 ; McKee v. Perchment, 69 Pa. 342 ; Weaver v. Craighead, 104 Pa. 288 ; Thompson v. Christie, 138 Pa. 249 ; Gas Co. v. Dewitt, 130 Pa. 235 ; James v. Emery Oil Co., 1 Penny. 242.

*Clarence Walker* and *John M. Thomson, W. C. Thompson*

with them, for appellee, cited: Venture Oil Co. v. Fretts, 152
Pa. 451.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895:

Plaintiffs offered in evidence their abstract whereupon defendants admitted title in Hartzell. Plaintiffs then proved the lease by Hartzell to them, their entry under it, and the putting down of one well. They thus made out a complete prima facie case, which called on defendants to show a better title. But it is said, and the court below appears to have adopted this view, that plaintiffs went further and gave evidence of an abandonment of their possession. This however will not support a compulsory nonsuit. Abandonment is a mixed question of acts and intention, and therefore is ordinarily for the jury, and there is nothing in this case to take it out of the rule, for the abandonment was denied in plaintiffs' abstract, and was therefore incumbent on defendants to prove before they could avail themselves of it. Whether the evidence on the part of plaintiffs showed an abandonment by them did not depend exclusively on the length of time that operations had ceased but also on the intention, and that again was largely dependent on the agreement and understanding of the parties. The plaintiffs denied the intention and the court therefore could not declare the abandonment as a matter of law but should have left it as a fact to the jury.

The plaintiffs further offered evidence by Burton and Hartzell to show the agreement of the parties as to due diligence and abandonment. This should have been admitted. It was not in any sense an attempt to modify or alter a written contract. The lease provided that the work when commenced should " be prosecuted with due diligence until completion or abandonment," but what should constitute due diligence was a question of fact on which the parties might agree, either at the time or afterwards, and if they did, then neither court nor jury had any right to adopt a different standard. If due diligence had been defined in the writing no pretence of such right could have been set up. But parol proof of the understanding and agreement of both parties was just as effective as a writing, for it went not to a construction of the paper, but to the definition of a fact referred to. Whether any such understanding not

expressed in the paper would affect others subsequently acquiring rights from one of the parties, without notice, we need not consider, for there is no evidence that any such others are before us.   The case was not allowed to get that far.

But the nonsuit was erroneous for another reason.   Even if there had been a want of due diligence and an abandonment by plaintiffs, no one could take advantage of it but the lessor or one succeeding to his rights, and there was no such party yet in the case.   So far as the evidence showed, defendants had neither Hartzell's title nor any other beyond that of mere squatters.   As against them plaintiffs as already shown had made out a prima facie case.   The error of the appellees, and apparently of the court below, was in regarding the estate of plaintiffs under the lease as terminated ipso facto by the failure in diligence or the abandonment.   But it required the act of the lessor.   Repeated decisions of this court from Wills v. Gas Co., 130 Pa. 222, to Cochran v. Pew, 159 Pa. 184, have established that the clause of forfeiture or termination of the estate is for his benefit, and no act of the lessee can produce that result without his concurrence.   Still less can any action of a stranger enforce it.   As against any but the grantor, an abandonment is not complete until the statutory period of limitation, or the end of the term granted, and possession may be resumed by the grantee at any time previous.

There is nothing in the cases cited, Munroe v. Armstrong, 96 Pa. 307, and Venture Oil Co. v. Fretts, 152 Pa. 451, in conflict with these views.   In the former the lessor had expressly declared the forfeiture and made a new lease to the plaintiff, and in the latter he had asserted it by implication by a new lease to parties who defended under his title.

But it is said that appellees here defend under Hartzell's title, and that their abstract shows the fact.   The abstract however was not in evidence as it should have been if relied on for affirmative proof.   The practice in the analogous case of statements and affidavits of defence, which under rule of court are to be taken as admissions of all material facts not denied therein, is shown in Neely v. Bair, 144 Pa. 250.   The respective abstracts of title in ejectment filed by the parties under the rule of court in the present case, stand upon the same basis, having the same object as stated by the present Chief Justice

in Neely v. Bair, to narrow the trial down to material matters which are really disputed. The defendants may be in possession under Hartzell's title, and the case therefore analogous to Venture Oil Co. v. Fretts, but it has not yet been shown to be so. The issue was determined prematurely.

Judgment reversed, and procedendo awarded.