[L. A. No. 1963. In Bank.—April 29, 1908.]

EMIL KAISER, Appellant, v. U. M. BARRON, Respondent.

ACTION TO QUIET TITLE—RIGHT OF POSSESSION UNDER CONTRACT—UN-
SUPPORTED FINDINGS.—In an action to quiet title to twenty-five
acres of land, where defendant pleaded a right of possession of
the whole thereof under a contract, and proved only a right of
possession of 13.08 acres, a finding that he was entitled to the
possession of the residue, is without support; and a new trial must
be ordered.

ID.—COST-BILL—IMPROPER COSTS — MOTION TO RETAX — EXECUTION
WRONGFULLY ISSUED—INVOLUNTARY PAYMENT.—Where, pending a
motion to retax costs improperly included in the cost-bill, an execu-
tion was wrongfully issued and the improper costs collected there-
under, the payment of such costs was not a voluntary payment,
though there was no seizure of property of the defendant making
the payment; and the entry of the costs in the judgment, and
execution thereof being without authority, the court erred in refus-
ing to recall the execution and in refusing to tax the costs.

APPEAL from a judgment of the Superior Court of Orange
County and from orders after judgment refusing to recall an
execution and to retax costs.    J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

F. C. Spencer, for Appellant.

Charles S. McKelvey, for Respondent.

HENSHAW, J.—Plaintiff sued to quiet title to a certain
twenty-five acres of land. Defendant answered, setting forth
a contract entered into by himself and plaintiff's predecessor
in interest, the substance of which contract was that defend-
ant would plant the northern fifteen acres in walnut trees, and
would nurture and care for them until the first day of Jan-
uary, 1906, at which time, defendant having fulfilled the con-
ditions of his contract, plaintiff's predecessor in interest agreed
to convey to him the southerly ten acres. Defendant then
averred that Sisson, plaintiff's predecessor in interest, placed
him in the actual possession of the twenty-five acres of land
for the purpose of fulfilling the covenants contained in the

agreement, and that ever since he has been in such possession under the provisions of their contract.

After trial, judgment passed for defendant, the judgment being to the effect that the contract above referred to was valid and subsisting, and that defendant was entitled to possession of the premises and was entitled, upon complying with the provisions thereof, to have a conveyance made to him of the southerly ten acres. From this judgment plaintiff appeals upon the judgment-roll. He also appeals from certain orders made after judgment, and which will hereinafter be more particularly specified.

Upon appeal from the judgment the contention is that the findings do not support it. The judgment, as has been said, decrees a rightful possession of the premises in defendant. Defendant pleaded, as above noted, that Sisson placed him in possession of all of the land for the purposes of fulfilling the contract, and that such possession, under such license and in accordance with the contract, he has ever since maintained. The findings, however, do not speak upon the matter, and while it may be said that it can be gathered from a reading of the contract that defendant, for the purposes of executing it, was entitled to the possession of the northerly fifteen acres which he was to set out as an orchard and irrigate, cultivate, and prune, yet the contract is wholly silent as to the possession or right of possession of the southerly ten acres. Defendant's right of possession of this comes, as he pleads, from the act of Sisson. But the court's failure to find upon this important matter leaves the judgment as to this ten acres without any support in the findings. The same may be said of another piece of the northerly fifteen acres, amounting to 1.92 acres. As to this, the finding of the court is that by executed parol agreement this portion of the fifteen acres was excluded, or, in other words, defendant was called upon to put into orchard only 13.08 acres. Nothing in the findings justified the court's judgment awarding a continued possession to defendant of this 1.92 acres. It stands in this regard precisely as does the ten acres above considered.

Defendant filed his cost-bill and plaintiff gave timely notice to tax the costs. The matter of taxing costs was continued by order of court, and, while so pending and undetermined, the judgment for costs was entered and docketed by the clerk and

execution thereon issued. Plaintiff then made his motion to recall the execution, upon the ground that it was improvidently issued, and also to tax the costs, and in so doing to disallow an item of $3.75 for serving a subpœna, and an item of twenty dollars for reporter's charges, and to correct an error of $9.95 in the addition of the items as they appeared upon the face of the bill. In response to this the defendant showed that after the execution levy for the costs upon the land, plaintiff, desiring to make a sale of his interest therein, paid the amount called for. Upon this showing the court ruled that the costs had been voluntarily paid, and denied these motions. But it is well settled that a payment of money made on execution is not a voluntary payment, even though there has been no seizure of the property of the one who makes the payment. (*First Nat. Bank* v. *Watkins,* 21 Mich. 483; *Knox Co. Bank* v. *Doty,* 9 Ohio St. 506, [75 Am. Dec. 479]; *Scholey* v. *Halsey,* 72 N. Y. 578; *Hiller* v. *Hiller,* 35 Ohio St. 645; *Manning* v. *Poling,* 114 Iowa, 20, [83 N. W. 895, 86 N. W. 30].) The only judgment for costs which the clerk has authority to enter is for costs which have been taxed. The entry of costs in the judgment, while a motion to tax them was pending, was without authority, and the issuance of an execution for the collection of such costs and the levy upon plaintiff's property was improvident and untimely. The motion to recall the execution should have been granted, as well as the motion to tax costs.

The order refusing to tax costs and the order refusing to recall the execution are reversed. The judgment appealed from is reversed and the cause remanded for a new trial. This renders unnecessary a consideration of the appeal from the order refusing to modify the judgment.

Angellotti, J., Sloss, J., Lorigan, J., and Shaw, J., concurred.