## PARKER LAND AND IMPROVEMENT COMPANY
## v. AYRES.

[No. 6,820. Filed April 9, 1909.]

1. PLEADING.— *Complaint.*— *Contracts.*— *Performance.*— *Excuse.*— In an action upon a contract the plaintiff must allege performance upon his part or an excuse for nonperformance. p. 516.

2. PLEADING.— *Complaint.*— *Contracts.*—*Nonperformance.*—*Excuse.* —*Abandonment.*—A complaint alleging that defendant contractors "abandoned" the contract sued upon, and that defendant sureties notified plaintiff not to pay any more money on such contract, sufficiently shows a repudiation, and excuses plaintiff's failure to allege the performance of the provisions of such contract on his part. p. 516.

3. WORDS AND . PHRASES.—*"Abandonment."*—*"Repudiation."*—The word "abandonment" imports the relinquishment of a right, and the word "repudiation" imports the renunciation of a duty. p. 516.

4. PLEADING.—*Answers.*—*When Rulings on, Shown Harmless by Interrogatories.*—Where the answers to the interrogatories to the jury show that plaintiff failed to prove the allegations of the complaint, thereby losing the case, erroneous rulings upon affirmative answers are harmless, the right result being reached. p. 517.

5. NEW TRIAL.—*Instructions.*—*Appeal.*—The giving of an erroneous instruction must be set out as a reason in the motion for a new trial, or it cannot be considered on appeal. p. 518.

6. APPEAL.—*Record.*—*Counterclaim.*—*Failure to Include.*—*Instructions Thereon.*—Where an instruction related to a counterclaim, and such counterclaim was not made a part of the record, the correctness of the instruction cannot be determined on appeal. p. 518.

7. TRIAL.—*Instructions.*—*Sureties.*—*Unauthorized Change of Contract.*—*Discharge.*—An instruction, in an action against sureties, that if the principals, without the knowledge or consent of such sureties, materially changed the terms of the contract, for a consideration, they would be discharged from liability, is not erroneous. p. 518.

8. NEW TRIAL. — *Instructions.* — *Joint Assignments.* — *Appeal.*— Where the giving of two or more instructions is jointly assigned as a reason for a new trial, such assignment is not available, on appeal, unless all of such instructions are bad. p. 519.

9. APPEAL.—*Briefs.*—*Waiver.*—Points not discussed are waived. p. 519.

From Delaware Circuit Court; *Joseph G. Leffler*, Judge.

Action by the Parker Land and Improvement Company against Carey C. Ayres and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. W. Newton* and *Thompson & Thompson,* for appellant.
*S. W. Haynes, D. T. Taylor, Gregory & Lotz* and *Louis B. Ewbank,* for appellees.

Watson, C. J.—The Parker Land & Improvement Company brought this action against Carey C. Ayres, Oscar J. Current, Daniel W. McLeod and Edward J. Shoobridge, upon a bond executed by said Ayres and Current to appellant to secure the performance of a contract by McLeod and Shoobridge to construct for appellant a certain building upon its real estate. Judgment below for defendants.

This case presents three questions for our consideration, viz.: (1) Appellee's contention as to the insufficiency of the complaint; (2) overruling appellant's demurrer to paragraphs eight and nine of the answer; (3) overruling appellant's motion for a new trial.

The amended complaint sets out the building contract executed by appellees McLeod and Shoobridge, and the bond executed by all the appellees to secure its performance. By the contract, plaintiff agreed to pay $4,860 for the erection of the building, as follows: For work and materials used, eighty per cent to be paid every two weeks until the building was completed, the same to include the weekly payment for all hired labor each week, and twenty per cent remaining to be paid when the building was completed to the entire satisfaction of the party of the first part, free from all liens, judgments or claims either for material used or labor performed. The building was to be built and constructed in every particular and minute detail in accordance with the plans and specifications of the architects. The complaint then alleges that said defendants McLeod and Shoobridge, under and pursuant to said contract, entered upon the work of constructing the building, but that long before the same

was completed they wholly abandoned said contract, leaving the building partially constructed and in an unfinished condition; that before McLeod and Shoobridge abandoned the construction of said building defendant Ayres, a surety, notified plaintiff in writing not to pay any more money to said contractors on said contract, but to pay the same upon bills for materials that went into and work that was done and performed upon the building; that before receiving such notice, plaintiff had paid $2,553 to the contractors under and pursuant to said contract, and after receiving the notice paid an unstated amount for labor and materials. Plaintiff avers that "it has been at all times, since the making of said contract, * * * ready, willing and anxious to have defendants McLeod and Shoobridge complete said building according to said contract, and has at all times during said time been ready and willing to pay the balance of said contract price when said building was or should be completed according to said contract, * * * and its failure and refusal to pay the balance of said contract price is only because said building has not been completed according to the contract." It is then alleged that defendants Ayres and Current, for the purpose of saving themselves harmless as sureties on said bond, undertook and agreed that they would finish the construction of said building under and pursuant to the conditions of said contract, and thereupon entered upon the work; that plaintiff did pay, at their request, $1,600 for labor and materials used by them. A number of alleged breaches of the bond are then charged, to wit, defective and unfinished construction of the building, inferior quality of the materials used, failure to complete building within the time agreed upon, and failure to pay for labor and materials so as to keep the property free from mechanic's liens. The foreclosure of a number of such liens is then averred, resulting in judgments against the plaintiff, which, to prevent the sale of its property, plaintiff paid in the sum of $1,930, together with attorneys' fees of

$500. The building as completed by said Ayres and Current is alleged to be worth not more than $2,000, and $700 is asked as a reasonable attorneys' fee for suing upon the bond. Loss to plaintiff is alleged to be $3,000, wherefore judgment is demanded for $4,000.

Appellees insist that nowhere in the complaint does appellant allege performance upon its part of all the conditions of the contract to be performed by it; and the 1. rule undoubtedly is that a pleading, either as a cause of action or as a matter of defense, based upon a contract, must aver performance of the stipulations to be performed by the party relying upon the contract, or a sufficient excuse for nonperformance. *Armstrong* v. *Rockwood* (1876), 53 Ind. 506; *Melton* v. *Coffelt* (1877), 59 Ind. 310; *Floyd* v. *Maddux* (1879), 68 Ind. 124, 126. Appellant answers this by referring to the rule in *Riley* v. *Walker* 2. (1893), 6 Ind. App. 622, 629, that "it is unnecessary to allege performance, or readiness to perform on the part of the plaintiff, where it is shown that the defendant has repudiated the contract, or affirmatively refused to perform, or denies liability under it."

The complaint alleges that defendants McLeod and Shoobridge abandoned the contract, and this is equivalent to a positive allegation that the contract was repudiated. 3. Technically, abandonment is the relinquishment of a right (*Dikes* v. *Miller* [1859], 24 Tex. 417; *Middle Creek Ditch Co.* v. *Henry* [1895], 15 Mont. 558, 39 Pac. 1054), and repudiation, the renunciation of a duty (*Iowa State Sav. Bank* v. *Black* [1894], 91 Iowa 490, 59 N. W. 283). But rights and duties are correlative; to renounce one is to recant the other. Besides, the complaint shows very clearly that performance upon the part of the plaintiff was made impossible by the conduct of defendants McLeod and Shoobridge in abandoning the contract, and by the notice given to it by defendant Ayres not to make any further payments to the contractors.

Appellant assigns error in the court's overruling its separate demurrers to paragraphs eight and nine of the answer of defendants Ayres and Current, and contends that

4. neither of these paragraphs answers the whole complaint, that they charge that alterations were made in the contract for which the contract itself provided, that there is no allegation in either paragraph showing that such alterations were not made in the manner provided by the contract, that they were material, and that, because of an insufficient allegation of consideration, it could not be said that said changes and alterations were made under and in pursuance of another contract such as would discharge the sureties from their obligation on the bond.

The answers to the interrogatories show that the verdict on which judgment was rendered was in favor of the defendants, not by reason of any affirmative answer of the defendants to the complaint, but because the plaintiff failed to establish, by a preponderance of proof, the material averments of its complaint under the general denial. The answers show that, exclusive of the judgments, plaintiff paid $2,637 and the judgments paid amounted to $1,930.31, which was less than $4,860, the contract price; that the building was completed, according to plans and the contract, pursuant to an agreement between plaintiff and Ayres and Current to the effect that they should be discharged from all claims if they would complete the building for the balance of the contract price; that the materials used were of the best description; that the work was well done; that the building was finished and delivered in perfect condition; that the building was received and accepted by plaintiff, and the jury did not know of plaintiff's having rented any part of the building, or of having lost any rent by reason of its not being completed by October 1, 1895. This falls far short of establishing the following material averments of the complaint: that plaintiff paid an amount in excess of the price agreed on; that the specifications were not

strictly followed; that the building was constructed of inferior materials; that the workmanship was not good; that the building was never completed, and, because of its not being completed as agreed on, plaintiff suffered a loss of rent at the rate of $100 per month from October 1, 1895, to the time of the filing of this action.

The right result having been reached, even though the eighth and ninth paragraphs of answer would not withstand demurrers, the error, if any, in overruling the demurrers thereto, was harmless. §§407, 700 Burns 1908, §§398, 658 R. S. 1881; *Haas* v. *City of Evansville* (1898), 20 Ind. App. 482; *Butt* v. *Butt* (1889), 118 Ind. 31; *State, ex rel.,* v. *Board, etc.* (1905), 165 Ind. 262; *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202-205.

In the case of *Haas* v. *City of Evansville, supra,* the court said: "It is evident that appellant did not fail in the court below because of the defense set up in this paragraph of answer, but because of failure to prove his complaint. Upon the facts found, the appellant failed to recover independently of anything alleged in the second paragraph of answer. As we believe the judgment to be right on the facts, it cannot be reversed on intermediate errors."

Appellant complains that its motion for a new trial was erroneously overruled, and assigns as a reason therefor error in the court's giving instructions 2, 4, 5, 6, 7, 8, 12, 15, 16, 18, 19, 20, 21, 23. Instruction two was not made a ground for new trial, and is not therefore before us for consideration. Instruction eighteen relates to the amended counterclaim of appellees Ayres and Current, which counterclaim not being in the record the correctness of the instruction thereon cannot be determined. Instructions four and seven tell the jury that appellees Ayres and Current are sureties, that sureties are favorites of the law, and, as such, they are entitled to stand strictly upon the terms of their contract; and if the contract was changed or altered in a material

manner, without their consent or knowledge, for a consideration, then they are discharged from liability on their bond. This correctly stated the law applicable to the issues in the case at bar.

The giving of instructions 4, 5, 6, 7, 8, 12, 15, 16, 18, 19, 20, 21 and 23 was made a single reason for a new trial, which makes it necessary that all the instructions specified therein be erroneous for the same to be available on appeal. *Pennsylvania Co.* v. *Sears* (1890), 136 Ind. 460; *Cargar* v. *Fee* (1894), 140 Ind. 572; *Cincinnati, etc., R. Co.* v. *Cregor* (1898), 150 Ind. 625; *Hoover* v. *Weesner* (1897), 147 Ind. 510; *Tegarden* v. *Phillips* (1895), 14 Ind. App. 27; *Clark County Cement Co.* v. *Wright* (1897), 16 Ind. App. 630; *City of Greenfield* v. *Johnson,* 30 Ind. App. 127; *Goodman* v. *State* (1895), 141 Ind. 35; *Hindman* v. *Timme* (1893), 8 Ind. App. 416.

Appellant's third assignment of error in overruling motion for new trial, viz., the verdict is contrary to law, is not argued, and is therefore waived.

The judgment is therefore affirmed.