THE VILLAGE OF PRAIRIE DU ROCHER, Appellee, *vs.* THE SCHOENING-KOENIGSMARK MILLING Co. Appellant.

*Opinion filed October 25, 1911.*

1. APPEALS AND ERRORS—*appeal in a condemnation case lies to the Supreme Court.* Under section 12 of the Eminent Domain act appeals from judgments in all cases brought under said act lie to the Supreme Court.

2. SAME—*effect of appeal by a land owner from condemnation judgment.* The effect of an appeal by a land owner from a condemnation judgment is to stay the execution of the judgment and the running of the time limited for the payment of compensation during the pendency of the appeal.

3. EMINENT DOMAIN—*giving bond under section 13 has no effect upon the appeal.* Where a land owner appeals from a condemnation judgment it is optional with the petitioner whether or not it will enter upon the premises by giving the bond required by section 13 of the Eminent Domain act; but the giving of the bond has no effect upon the appeal or the execution of the judgment, and its entry under the authority given upon the filing of the bond is not in execution of the judgment but under the statutory provision which gives to it only the temporary use of the premises pending the litigation.

4. SAME—*petitioner may enter upon land under section 13 without paying or depositing compensation.* By giving the bond required by section 13 of the Eminent Domain act the petitioner may, without paying or depositing the compensation awarded, enter upon the land if an appeal is taken by either party.

5. CONSTITUTIONAL LAW—*section 13 of the Eminent Domain act is constitutional.* The constitutionality of section 13 of the Eminent Domain act, providing for the entry by the petitioner under a bond if an appeal is taken by either party, is too well established to be now open to question.

APPEAL from the County Court of Randolph county; the Hon. WILLIAM M. SCHUWERK, Judge, presiding.

WISE, KEEFE & WHEELER, for appellant.

H. CLAY HORNER, and SPRIGG & GILSTER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The village of Prairie du Rocher, the appellee, instituted proceedings for the condemnation of certain premises of the appellant for a local improvement, and on June 10, 1910, a verdict was rendered fixing the compensation to be paid the appellant at $1350. A judgment was entered for the payment of the compensation so awarded within sixty days, and for the entry of the petitioner, upon such payment, on the premises for the purpose of the contemplated improvement. The defendant in that proceeding perfected an appeal to this court on July 12, 1910, by filing a bond, and on December 21, 1910, the judgment was affirmed. After this appeal was taken, the village, desiring to take possession of the premises, filed its bond in the sum of $5000 in accordance with section 13 of the Eminent Domain act, and thereupon entered upon and thereafter remained in the possession of the premises for the purposes of the improvement for which they were taken. It did not, however, at any time pay or tender the compensation awarded. Immediately upon the affirmance of the judgment the appellant presented to the county court its petition praying for an order against the village for the payment of the costs, expenses and attorneys' fees incurred by the appellant in its defense against the petition, on account of the petitioner's failure to pay the compensation awarded within the time fixed by the court. The village answered, relying upon the appeal and its bond given pursuant to the statute, and bringing into court the amount of the compen-

sation awarded. The county court overruled a demurrer to this answer and dismissed the petition.

Appellee first insists that the appeal should have been taken to the Appellate Court. Section 12 of the Eminent Domain act provides that in all cases an appeal shall lie to the Supreme Court, and the appeal was therefore properly brought here.

The effect of the appeal by the land owner was, during its pendency, to stay the execution of the judgment and the running of the time limited for the payment of the compensation. Whether the village should give the bond required by section 13 of the Eminent Domain act was optional with it. Its doing so had no effect upon the appeal or the execution of the judgment. Its entry, under the authority given upon the filing of the bond, was not in execution of the judgment, but under the statutory provision which gave to it only the temporary use of the premises pending the litigation. The law must be regarded as settled by the previous decisions of this court that the petitioner in a condemnation proceeding, if an appeal is taken by either party, may enter upon the use of the property, upon entering into the bond required by section 13 of the Eminent Domain act, without paying or depositing the compensation ascertained. (*Chicago, Santa Fe and California Railway Co.* v. *Phelps,* 125 Ill. 482; *Atchison, Topeka and Santa Fe Railroad Co.* v. *Schneider,* 127 id. 144; *Davis* v. *Northwestern Elevated Railroad Co.* 170 id. 595.) The constitutionality of this section is vigorously assailed by counsel for the appellant, but we regard it as established by the decisions cited and not now open to question. The appellee was under no obligation to pay the compensation awarded until the determination of the appeal, and the demurrer to its answer was therefore properly overruled.

*Judgment affirmed.*