---

(No. 16374.—Judgment affirmed.)
The City of Winchester, Appellee, *vs.* William H. Ring, Appellant.

*Opinion filed February 17, 1925.*

1. Eminent domain—*when right to enter upon land condemned arises.* The right to enter upon and appropriate the land con-·demned arises not out of the order of condemnation but the payment of the compensation and damages within the time fixed by the order of the court, and upon failure to so pay the petitioner loses any right to the property or its possession.

2. Same—*effect of order fixing date for payment of compensation.* An order fixing a date for payment of the compensation and damages awarded is, in effect, an order granting a certain number of days, ending with the date fixed, for such payment, and if an appeal is taken its effect is to stay all proceedings in execution of the judgment and the running of the time within which payment is to be made, and the time elapsed during the pendency of the appeal is not to be counted as part of the time within which compensation is to be paid.

Appeal from the County Court of Scott county; the Hon. James M. Riggs, Judge, presiding.

Williams & Williams, and T. J. Priest, for appellant.

John A. McKeene, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Winchester on August 14, 1923, obtained a judgment of condemnation in the county court of Scott county of eleven and fifty-seven hundredths acres of land for use as a cemetery, and an order that upon payment of $3014 (the amount of compensation and damages awarded by the jury) on or before December 1, 1923, the city should have a right to enter upon the land and use it for cemetery purposes. William H. Ring, the owner of the land, appealed to the Supreme Court, and the appeal went to the December term, which began on December 3, 1923. The judgment was affirmed on April 14, 1924, but a petition for rehearing was filed, which was not disposed of until June 11, 1924, when the rehearing was denied. (*City of Winchester* v. *Ring,* 312 Ill. 544.) The city did not pay the amount awarded, either to the land owner or the county treasurer, before December 1, 1923, but on June 17, 1924, it paid the amount to the treasurer of Scott county and took possession of the land. Thereupon, on June 20 the land owner filed a petition in the county court setting forth the condemnation proceedings and judgment, averring the non-payment of the award of compensation and damages, and alleging that by reason of the failure and neglect of the city to make such payment it had abandoned the proceeding and lost all right in the land. The petition alleged that the petitioner had incurred expenses in defense of the petition for condemnation and prayed that he might be reimbursed for such sums of money as he had expended, as provided by law. An answer was filed setting up the proceedings subsequent to the judgment in the Supreme Court and the payment of the money after the affirmance of the judgment, as has been stated, and upon a hearing the court adjudged that the condemnation proceeding had not been abandoned by the city, that the petitioner, William H. Ring, was not entitled to recover his costs, expenses and attor-

ney's fees, and rendered judgment against him for the costs of his petition.

The right to enter upon and appropriate the land arises not out of the order of condemnation, but the payment of the compensation and damages awarded within the time fixed by the court, and upon failure so to pay the petitioner loses any right to the property or its possession, the proceeding is in law considered as abandoned, and under section 10 of the statute in regard to eminent domain the defendants to the petition may recover all costs, expenses and reasonable attorney's fees incurred by them in defense of the petition. (*Forest Preserve District* v. *Kean,* 303 Ill. 293.) The time within which the amount awarded was required to be paid having been fixed by the court could not after the term be changed or extended. (*Village of Baylis* v. *Orr,* 291 Ill. 201.) The effect of the appeal was to stay all proceedings in execution of the judgment and the running of the time within which payment of the compensation was to be made. (*Village of Prairie du Rocher* v. *Milling Co.* 251 Ill. 341.) It did not, of course, prevent the lapse of the time, but the effect was that the time elapsed during the pendency of the appeal should not count as a part of the time within which the compensation was to be paid. The time given for payment was determined by the court with reference to a fixed date, but the effect of the decree was the same as if a certain number of days had been given for the payment, expiring on the date fixed. The decree being rendered on August 14 and the payment being required by December 1, the time allowed for such payment was one hundred and nine days, and this period of one hundred and nine days did not begin to run until after the affirmance of the judgment. The payment was made within that period, and the judgment of the county court of Scott county will be affirmed.

*Judgment affirmed.*