[Civ. No. 7354. Second Appellate District, Division Two.—January 24, 1933.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. SADIE D. GRIFFITH ABBOTT et al., Defendants; ROBERT L. HALPERIN, Respondent.

Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur W. Nordstrom and C. N. Perkins, Deputies City Attorney, for Appellant.

Aubrey Devine and Hyams & Himrod for Respondent.

Overton, Lyman & Plumb, as *Amici Curiae* on Behalf of Respondent.

CRAIG, J.—In an action in eminent domain instituted by the City of Los Angeles, a municipal corporation, wherein the respondent was, among others, named as a defendant, all proceedings and expenditures of moneys were subsequently enjoined by the decree of a co-ordinate court in another suit. Respondent thereafter moved to dismiss this action as though the same had been abandoned, within the purview of sections 1255 and 1255a of the Code of Civil Procedure. Said motion was granted, and he thereupon filed a "memorandum of costs *and disbursements*", which included an item entitled "attorneys' fees $1,650.00". There was then filed on behalf of appellant a notice of motion to tax costs, particularly excepting to said item, together with an affidavit setting forth the facts above recited, and that all proceedings in the condemnation matter had been held null and void and that appellant, its officers, agents and employees were restrained from approving any demand for costs or expenses incurred, or paying out any moneys in connection with said contemplated improvement. The motion to tax costs was denied, and the plaintiff appealed from the order made and entered accordingly.

It is conceded that the judgment of dismissal was in the usual form in such cases when signed by the trial court,

146

adjudging "that the above entitled action be and the same is hereby dismissed, and it is ordered that said defendant Robert L. Halperin have *judgment against the plaintiff for costs* in the sum of $——". The memorandum of costs and disbursements consisted of the following items only:

| "Appearance fee | | $2.00 |
| Verify answer | fees claimed | $ .50 |
| " mem. of costs, | fees claimed | $ .50 |
| Affidavit in support of | | $ |
| Motion to dismiss | fees claimed | $ .50 |
| Jury fees and mileage | | $ |
| Serving process | | $ |
| Miscellaneous items of costs, Attorneys' fees | | $1650.00 |
| | Total, | $1653.50 |
| Costs taxed by order of court, | | $——.00" |

The motion to tax costs was based upon the following four grounds: "(1) That the City of Los Angeles, plaintiff herein, is permanently restrained from spending any money in this action. (2) That the final determination of said action was had herein by the rendition of a judgment of this court restraining plaintiff from proceeding with said action. (3) That there has been no abandonment of said action on the part of said plaintiff and therefore, under section 1255a Code of Civil Procedure said defendants are not entitled to costs. (4) That the attorney fees claimed are excessive." And the notice of motion expressly based the same upon the papers and files in said action and in the injunction suit, heretofore mentioned.

While it is strenuously contended by appellant that since the trial court was not empowered to allow costs, and neither the judgment nor the memorandum of costs and disbursements discloses any allowance of costs, none should be approved upon appeal—it is insisted that the court indicated, and is supported by statutory and judicial precedent in determining by its judgment, that in any event no amount other than the items of actual expenditure should be allowed. It is argued by the respondent that the proceedings were abandoned, within the contemplation of section 1255a of the Code of Civil Procedure, and that attorneys' fees constitute "costs" as therein expressly provided to be allowed in such cases.

In this connection it is appropriate to observe that in the notice of motion to dismiss, it was stated upon such assumption that the action "has been abandoned by the plaintiff", and that the defendant would "move the court for a judgment of dismissal and for costs *and attorneys' fees* herein". With this memorandum of "costs and disbursements" thereafter filed, respondent's counsel averred by accompanying affidavit that to the best of his knowledge and belief "the within memorandum of costs and disbursements are true and correct and have been *necessarily incurred* in this cause", but from its recitals it quite apparently was but a mere formality. Other averments, to the effect that the cause was called for trial, that the witnesses were in attendance, that their mileages and fees set forth were just, and that process servers actually traveled the number of miles claimed, since the date of trial was never set, substantiate such conclusion. By its judgment the court recited that the defendant "moved the court for a judgment of dismissal and for costs and attorneys' fees herein", but only adjudged, as previously observed, "that the said defendant Robert L. Halperin have judgment against the plaintiff *for costs*". The section mentioned provides as follows:

"Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on defendant and filing in court a written notice of such abandonment; . . . Upon such abandonment, express or implied, on motion of defendant, a judgment shall be entered dismissing the proceeding and awarding the defendant his *costs and disbursements,* which shall include all necessary expenses incurred in preparing for trial *and reasonable attorney fees.* These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; provided, that said costs and disbursements shall not include expenses incurred in preparing for trial where said action is dismissed forty days prior to the time set for the trial of the said action."

That under this statute a defendant may in a proper case be awarded costs and disbursements including a reasonable attorney's fee, need not be, and is not, questioned. That he may legally claim, the right to collect an arbitrary amount

of compensation other than legal costs and disbursements, not allowed by the court, in a proceeding dismissed at his own instance before it has been set for trial upon any date, and which the plaintiff did not abandon by notice as required or otherwise, but was enjoined from prosecuting or financing, would require an interpretation not warranted by the language of said section. By the provision quoted from its judgment of dismissal, the trial court gave judgment dismissing the action and in favor of the defendant for his *costs*. It appears therefrom that the defendant moved the court for an additional amount of attorneys' fees; but with apparent judicial discretion following the due consideration which must be presumed, it refrained from decreeing that the defendant "have judgment against the plaintiff for costs and disbursements including expenses and attorney fees". There is nothing before us which tends to indicate that the trial court might have been justified in concluding, nor that it did consider, any item other than actual costs as legally defined, as being warranted in law or in fact. That it did not embrace more than *costs* in its judgment is obvious; that it did not approve the cost bill in the form presented is likewise patent. The respondent cites no authority, nor are we aware of any, which requires or permits the interpretation contended for in his behalf, either as to abandonment of the action or costs of the action.

▮ Abandonment includes the intention to abandon, and the external act by which such intention is carried into effect. (*Hough* v. *Brown*, 104 Mich. 109 [62 N. W. 143]; *Barnett* v. *Dickinson*, 93 Ind. 258 [48 Atl. 838]; *Cassell* v. *Crothers*, 193 Pa. 359 [44 Atl. 446].) Intention is the essence of abandonment. (*Tennessee & C. R. Co.* v. *Taylor*, 102 Ala. 224 [14 South. 379]; *Bartley* v. *Phillips*, 165 Pa. 325 [30 Atl. 842].) The characteristic element of abandonment is the voluntary relinquishment, and it is in that respect distinguished from other modes by which ownership may be divested. (*Commonwealth* v. *Koontz*, 258 Pa. 64 [101 Atl. 863]; *Dikes* v. *Miller*, 24 Tex. 417; *Middle Creek Ditch Co.* v. *Henry*, 15 Mont. 558 [39 Pac. 1054].) Abandonment is the intentional relinquishment of a known right. (*Sharkey* v. *Candiani*, 48 Or. 112 [85 Pac. 219, 7 L. R. A. (N. S.) 791]; *Moore* v. *United Elkhorn Mines*, 64 Or. 342

[127 Pac. 964, 130 Pac. 640].) Abandonment has been held not shown by evidence of forfeiture, upon the ground that the latter is an enforced relinquishment, and involuntary. (*Shank* v. *Holmes*, 15 Ariz. 229 [137 Pac. 871]; *Blackwell Oil & G. Co.* v. *Whited*, 81 Okl. 45 [196 Pac. 688].) It has been distinguished from "loss" by the fact that a loss is involuntary, while abandonment is by intent or design. (*Ferguson* v. *Ray*, 44 Or. 557 [77 Pac. 600, 102 Am. St. Rep. 648, 1 Ann. Cas. 1, 1 L. R. A. (N. S.) 477].) It is synonymous with "repudiation". (*Parker Land & Imp. Co.* v. *Ayres*, 43 Ind. App. 513 [87 N. E. 1062].) Neither the intention, nor the statutory external act evidencing an intention, to voluntarily relinquish the appellant's known right to take the property of respondent for a public use, is shown in this case. Hence we must hold that the compulsory discontinuance of the proceedings by injunction did not constitute an abandonment thereof within the meaning of section 1255a of the Code of Civil Procedure.

Again, under a statute conferring the right in condemnation proceedings to enter upon and appropriate land only upon payment of compensation and damages awarded, the Supreme Court of Illinois held that a failure to pay pending an appeal by the defendants did not constitute an abandonment, although payment within a time specified by the legislature was mandatory and otherwise would be fatal. As there said: "The effect of the appeal was to stay all proceedings in execution of the judgment and the running of the time within which payment of the compensation was to be made. *Village of Prairie du Rocher* v. *Milling Co.*, 251 Ill. 341 [96 N. E. 249]." (*City of Winchester* v. *Ring*, 315 Ill. 358 [146 N. E. 541]; *Forest Preserve Dist.* v. *Kean*, 303 Ill. 593 [135 N. E. 415].) And under a Kansas statute requiring a condemnor to evidence its intention to abandon proceedings by a resolution, it was decided that even a notice of dismissal of the suit did not in the absence of such resolution amount to legal abandonment of the project. "Appellants argue that the notice previously mentioned, filed by the attorney for the commission, was an abandonment of the condemnation proceedings within the meaning of the statute, and that all steps taken by any of the parties in the proceedings subsequent thereto are void and of no effect, for the reason that by the filing of such notice the

condemnation proceedings terminated, and that the court thereafter had no jurisdiction of the subject-matter, . . . It is sufficient to point out that our statute, here in question, provides that the abandonment of the condemnation be by resolution adopted by the commission. No such resolution was adopted. The trial court correctly held that there had been no abandonment of condemnation proceedings by the commission.'' (*State* v. *Nelson,* 126 Kan. 1 [266 Pac. 107].)

Especially has it been long recognized and established that ''where one is ousted from the possession of property, he can not be charged with abandonment, nor can he be where he is prevented from using or occupying by injunction or other judicial order, as the relinquishment is not voluntary in either case''. (1 Ency. of Ev., p. 3.) In the instant case the plaintiff proceeded by its condemnation proceedings and resistance of the injunction to evidence a strong intention to retain, occupy and use the property, as distinguished from conduct authorizing an implication to the contrary. Had the plaintiff made its written request to the clerk, and caused the entry, and subsequently notified the defendants, of its dismissal of the action, they might have been legally justified in proceeding as provided in section 1255a of the Code of Civil Procedure; since the effect of its action would be to apprise the defendants of its determination to abandon the action. (*Silver Lake Power & Irr. Co.* v. *City of Los Angeles,* 32 Cal. App. 123 [162 Pac. 432].) Since the converse was strenuously manifested against the injunction suit, restraining condemnation, against the defendants' motion to dismiss the action, and by the plaintiff's appeals, it seems clear that we have before us anything but an abandonment in the light of any authority which we have been able to find. In the one instance there was an express withdrawal. In the other a most energetic resistance to enforce relinquishment. On the point in question, to wit, whether or not there may be an abandonment by the condemnor for the purposes of this particular section, it may be said that two of the decisions of our own courts bear upon the subject. (*Silver Lake Power & Irr. Co.* v. *City of Los Angeles, supra; City of Los Angeles* v. *Hannon,* 79 Cal. App. 669 [251 Pac. 247].) It may be well to observe that if it be conceded

that these authorities are not in harmony, we must accept the latter as of superior weight since a hearing was denied by the Supreme Court. Both cases construe section 1255a of the Code of Civil Procedure. The Silver Lake case had to do with the matter of abandonment through express notice, and appears to hold that where express notice was used by the condemnor to dismiss the action, it would be regarded as coming under that section even though the procedure therein required was not strictly followed. The Hannon case had to do with the matter of abandonment by implication, and determined that no acts or facts other than those included within the provision "failure to comply with section 1251 of this code" can amount to an implied abandonment authorizing defendants to invoke the provisions of section 1255a. It is not contended that the appellant herein was chargeable with such failure. Since the legislature saw fit to make express provision for the manner in which an implied abandonment might arise, under the maxim, *expressio unius est exclusio alterius,* neither the delay incidental to a new action, nor an involuntary vacating of the property, can be said to have constituted an abandonment. (*City of Los Angeles* v. *Hannon, supra.*)

We must assume that the terms "costs", "expenses" and "attorney fees" were embraced within the section in controversy with full knowledge by the legislature of existing statutes and their judicial interpretations. They are distinguished by sections 1021 and 1022 of the Code of Civil Procedure, by the following unmistakable declarations: "Sec. 1021. 'The Measure and mode of compensation of attorneys and counsellors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided.'" (Sec. 1022.) "Except as otherwise expressly provided in this code, costs are allowed of course to the plaintiff, upon a judgment in his favor," in the cases enumerated. In construing section 1195 of the Code of Civil Procedure with relation to mechanics' liens the Supreme Court has said: "It needs but a cursory examination of the foregoing provision of the statute to determine that the attorneys' fees referred to is not considered a part of the costs, but as a matter separate and distinct therefrom." (*Schallert-Ganahl Lumber Co.* v. *Neal,*

94 Cal. 192 [29 Pac. 622].) To the same effect are *Rapp* v. *Spring Valley Gold Co.,* 74 Cal. 532 [16 Pac. 325], and *McIntyre* v. *Trautner,* 78 Cal. 449 [21 Pac. 15]. More specifically, in *City of Los Angeles* v. *Vickers,* 81 Cal. App. 737 [254 Pac. 687], upon a precise question it was held upon a review of numerous authorities:

"And it has been said in a condemnation case: 'The word "costs", when used in relation to the expenses of legal proceedings, means the sum prescribed by law as charges for the services enumerated in the fee-bill.' (*City of St. Louis* v. *Meintz,* 107 Mo. 611 [18 S. W. 30].)

. . . . . . . . . . .

"In a condemnation case which came before our courts a defendant included in his cost bill items of the counsel fees paid by him in conducting his defense. On a motion to tax the trial court struck out the items in question, and on appeal the very ground was taken which is urged by respondent here. The court, according to the syllabus in the report, which is a fair statement of the effect of a portion of the opinion, decided:

" 'The "just compensation" to which the owner of property is entitled under section 14 of Article I of the Constitution, in proceedings in eminent domain, does not include reasonable disbursements made by him for attorneys at the trial; it has reference to the value of the property taken and the damage to property not taken, and nothing more.'

"The court said in the opinion, also:

" 'It has frequently been held that costs are recoverable only by virtue of some statute.' (*Pacific Gas & E. Co.* v. *Chubb,* 24 Cal. App. 265 [141 Pac. 36].)

"This case appears to be exactly in point upon the question which respondent makes as to his rights under the Constitution. It is true that the decision relates to attorney's fees as costs, but expenditures made to lawyers for the defense of a condemnation suit and fees paid to experts for their testimony stand in the same category in so far as it may be contended that payment of the latter reduces, in effect, the amount to be paid to a defendant under decree of condemnation."

So, in the instant case, while the *costs,* as repeatedly defined, were proper charges, the motion to tax them and to strike out illegal items should have been entertained. Their

insertion by the clerk otherwise than in compliance with the statute and a valid judgment was ineffectual. (*Kaiser* v. *Barron,* 153 Cal. 474 [95 Pac. 879] ; *Foley* v. *California Horseshoe Co.,* 115 Cal. 184 [47 Pac. 42, 56 Am. St. Rep. 87].) ■ Objection by respondent that the verified memorandum is not subject to question is in this case untenable. Where improper charges are put in issue by affidavit the burden of proof is upon the party claiming them. (*Whitaker* v. *Moran,* 23 Cal. App. 758 [139 Pac. 901] ; *Faulkner* v. *Hendy,* 79 Cal. 265 [21 Pac. 754] ; *Miller* v. *Highland Ditch Co.,* 91 Cal. 103 [27 Pac. 536] ; *Senior* v. *Anderson,* 130 Cal. 290 [62 Pac. 563].)

■ In a recent decision of our Supreme Court, in *City of Los Angeles* v. *Abbott et al.,* 217 Cal. 184 [17 Pac. (2d) 993], and since the preparation of the foregoing portions of this opinion, it has been held that under sections 1251, 1255 and 1255a of the Code of Civil Procedure, providing for the allowance of costs and attorneys' fees in eminent domain proceedings, a defendant is not entitled to recover such fees where the condemnor is prohibited from prosecuting the action by an injunction and it appears that the condemnor has conclusively shown that it was prosecuting the action in good faith and only desisted because of the injunction.

The order is reversed and the court below is directed to strike from the cost bill improper charges in accordance with the foregoing decision, neither party to recover costs of this appeal. (*Lloyd* v. *Brewster,* 5 Paige (N. Y.), 87; *Chism* v. *Smith,* 130 N. Y. Supp. 881.)

Works, P. J., and Stephens, J., concurred.