AVONDALE SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, *v.* AMALGAMATED TRUST AND SAVINGS BANK, Trustee, *et al.*, Defendants.—(M. I. GUTSTADT *et al.*, Defendants-Appellants.)

First District (5th Division)    No. 78-1326

Opinion filed November 2, 1979.

A. Donald Fishbein, of Chicago (Sidney Z. Karasik, of counsel), for appellants.

Louis Jaffe and Rudnick & Wolfe, both of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Defendants appeal the denial of their section 72 (Ill. Rev. Stat. 1975, ch. 110, par. 72) petition seeking to set aside a decree of foreclosure and order of sale of a condominium unit and an order approving the sheriff's report of sale. They raise a number of contentions, but we need concern ourselves only with the propriety of the denial of the section 72 petition. Also, we need to consider a mootness argument raised by plaintiff in a motion to dismiss this appeal. We reject the mootness argument, but, nevertheless, affirm the judgment of the trial court.

On March 11, 1977, plaintiff filed suit against defendants seeking to foreclose a mortgage on a condominium apartment unit. On April 12 and May 4, the various defendants filed their answers, stating essentially that they were without sufficient knowledge to admit or deny the allegations of plaintiff's complaint. On April 29, plaintiff notified those defendants who had filed their answer on April 12 that on May 6 it would move the court for an order "defaulting certain parties; prove up mortgage foreclosure by affidavit, pursuant to Chapt. 95 [Ill. Rev. Stat. 1975, ch. 95, par. 22(b)] and to enter a Decree of Foreclosure and Order of Sale, at which time and place you may appear if you see fit." On May 6, plaintiff presented its uncontested motion to the court. The court granted the motion and entered a decree of foreclosure and order of sale. The decree and order found the mortgagors owed $47,162.31 on the mortgage note

and other costs and expenses associated with the proceedings. The court ordered the property to be sold and after the sale, a sheriff's deed to the property to be issued if the property had not been redeemed within 12 months of March 26, 1977, the date on which the last of the owners of the equity of redemption was served.

The property was sold to plaintiff at a sheriff's sale on June 28. On July 5, the trial court entered an order approving the sheriff's report of sale and distribution. Plaintiff was issued a sheriff's deed on the property on March 31, 1978.

On April 20, 1978, defendants filed a section 72 petition seeking an order setting aside the decree of foreclosure and order of sale and the order approving the sheriff's report of sale. They claimed that on May 3, 1977, counsel for defendants M. I. Gutstadt and Rich M. Rodnick and counsel for plaintiff orally agreed to a number of terms, including a provision for what was in effect a three-month extension of the redemption period. Specifically they agreed that if no redemption were made within the statutory period, then plaintiff would forbear for a period of up to one year from the date of the sheriff's sale (June 28, 1977) from requesting a sheriff's deed. In consideration for this provision and others not relevant to this appeal, counsel for mortgagor-defendants agreed to cooperate with plaintiff in the foreclosure proceedings, not raise any objections to a request for attorney's fees or other items in the proposed foreclosure decree, and not interfere or contest the foreclosure proceeding. Defendants further alleged that on June 8 and July 5 plaintiff assured counsel for the mortgagor-defendants that they would have one year from the date of the sheriff's sale to redeem. Nonetheless, despite such assurances, counsel for plaintiff obtained a sheriff's deed on March 31, 1978, almost three months before the anniversary date of the sheriff's sale.

On April 27, plaintiff filed its answer, denying that it had entered into any oral agreement with defendants regarding extension of the redemption period. Also plaintiff asserted that the condominium had been sold to a third party prior to defendants' filing of the section 72 petition and thus, the proceedings could not be set aside. Defendants filed a response to plaintiff's answer and in it they denied that a sale had been made to a third party and asserted that their attorney had been informed by plaintiff's attorney on April 10, 1978 that a sale had not been made.

After hearing arguments, the trial court denied defendants' section 72 petition on June 2.

Prior to oral arguments on appeal, plaintiff filed a motion to dismiss this case on grounds of mootness. We ordered this motion taken with the appeal and we address ourselves to this question first.

OPINION

Plaintiff's mootness argument is based on its claim that the condominium had been sold to third parties for value. As evidence of this sale, plaintiff attached copies of the real estate contract, which was dated April 11, 1978, and the transferred warranty deed, which was dated July 13, 1978, to its motion to dismiss. Plaintiff argues that since defendants did not obtain any type of stay pending appeal to prevent a sale of the property, the sale of the condominium to the third parties places the property beyond the reach of defendants even if they obtain a reversal on appeal. (Ill. Rev. Stat. 1975, ch. 110A, par. 305(i).) As a result, plaintiff claims that this appeal is moot.

■■ In the absence of a stay preventing a sale pending appeal, an appeal is moot if possession or ownership of the property which is the relief being pursued on appeal has been conveyed to third parties. (*Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 307 N.E.2d 673.) However, the record on appeal must disclose that the third parties are not parties to the litigation or acting as nominees for parties to the litigation. (*Glen Ellyn Savings & Loan Association v. State Bank of Geneva* (1978), 65 Ill. App. 3d 916, 382 N.E.2d 1267.) In the absence of proof of such nonparty or nonnominee status, an appeal cannot be dismissed on mootness grounds. *Glen Ellyn Savings & Loan Association.*

The present record does not disclose the status of the third-party purchasers. All that the record discloses is that a transfer has been made to third parties not bearing the name of any of the parties. Absent some showing that the third parties were not acting solely as nominees, we cannot say that the present appeal is moot.

We next address ourselves to the merits of this appeal. Defendants contend that their section 72 petition was improperly denied and that the trial court should have conducted a hearing on the alleged oral agreement between counsel for defendants and counsel for plaintiff. They claim that it was proper to bring this oral agreement to the attention of the trial court by way of a section 72 petition so that they could be afforded equitable relief. We disagree.

■■ The purpose of a section 72 petition is to allow a party to inform the court of facts which if known by the court at the time it rendered a judgment, decree, or order, would have prevented it from doing so. (*M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560.) If the party pleads and ultimately proves facts showing a meritorious defense or claim to the original action, due diligence in presenting this defense or claim, absence of negligence in pressing this defense or claim and due diligence in filing his section 72 petition, then the original judgment, decree or order will be vacated, set aside, or modified. (*Mitchell v.*

*Seidler* (1979), 68 Ill. App. 3d 478, 386 N.E.2d 284.) A decision to deny a section 72 petition is only reversible if it can be shown that the trial court abused its discretion in denying the petition. *Norvell v. Howard* (1979), 72 Ill. App. 3d 698, 391 N.E.2d 101.

■■ We find that the trial court did not abuse its discretion in denying defendants' petition because the petition does not state a meritorious defense to the judgments which defendants seek to have set aside. The alleged oral agreement between the parties' counsels does not constitute a defense to either the decree of foreclosure and order of sale or the order approving the sheriff's report of sale. The alleged oral agreement does not contain any information which would have prevented the trial court from entering a decree of foreclosure. Although defendants' counsel allegedly agreed to not contest the foreclosure proceeding in return for the extension of the redemption period, there is no indication in the petition that defendants did in fact have a defense to the foreclosure proceeding. They did not offer any meritorious defense to their default in payment of the mortgage note on the property. Alternatively, they did not offer any meritorious defense to the amount of adjudged indebtedness. (See *M.L.C. Corp. v. Pallas.*) Without an allegation of a meritorious defense, section 72 relief from the foreclosure judgment cannot be granted.

Similarly, defendants are not entitled to section 72 relief from the order of sale or order approving the sheriff's report of sale because they do not plead any meritorious defense to either of these judgments. The alleged oral agreement does not contain any information which would have prevented the court from entering these orders. A judicial sale of foreclosed property is statutorily prescribed (Ill. Rev. Stat. 1975, ch. 77, par. 12 *et seq.*), and defendants make no allegations, either as to the oral agreement or otherwise, which would question the manner in which the sale was conducted.

Defendants claim, however, that the meritorious defense requirement is "standard but irrelevant" to the instant case. They argue that the gravamen of their petition is a breach of an oral agreement to not redeem until one year after the sheriff's sale and that a court may properly consider this question in a section 72 proceeding because a court may consider any questions concerning the equities of a cause. We disagree with this argument to the extent that it eliminates the requirement of an assertion, and ultimately proof, of a meritorious defense or claim in a section 72 proceeding. We have been cited no cases nor have we found any cases which conform to this view. Defendants' cases all support the proposition that a meritorious defense or claim must be alleged. (See, *e.g.*, *Greenock v. Merkel* (1979), 71 Ill. App. 3d 958, 390 N.E.2d 78; *Collins v. Prestige Casualty Co.* (1977), 54 Ill. App. 3d 762, 370 N.E.2d 103; *Smith v. Pappas* (1969), 112 Ill. App. 2d 129, 251 N.E.2d 390.)

Although in *Smith v. Pappas*, the court arguably backed away from the requirement of a meritorious defense, it did indicate that a petitioner must plead and prove facts which, if known by the court at the time of entry of judgment, would have prevented rendition of the judgment. The alleged oral agreement involved in this case does not constitute such facts.

Since the alleged oral agreement did not constitute a meritorious defense or claim to the judgments entered, we find that the trial court ruled correctly in denying defendants' section 72 petition.

Affirmed.

LORENZ and MEJDA, JJ., concur.