BEVERLY HORVATH *et al.*, Plaintiffs-Appellants, *v.* DELORES LOESCH *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 79-2404

Opinion filed August 12, 1980.

Terrence E. Leonard, Chartered, of Chicago, for appellants.

Walter P. Maksym, Jr., of Wheaton, for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiffs, Horvath and Hill, appeal from an order of the trial court granting defendant Loesch's emergency petition to convey property to a third party. Sale of the property to a third party had been impeded by a *lis pendens* plaintiffs had filed on the property nearly a year earlier as part of collateral litigation. On appeal plaintiffs contend that the trial court improperly authorized the sale and that its order should be vacated pending the outcome of the collateral litigation.

On October 9, 1978, plaintiffs' father, Fred C. Loesch (defendant Loesch's husband), died. Plaintiffs filed a complaint in the circuit court of Cook County asking that the remedy of constructive trust be imposed on certain land trusts to which decedent had been the beneficiary. According to the unverified complaint, decedent, during the period of illness immediately preceding his death, had been fraudulently induced by defendant (plaintiffs' stepmother) to change the successor beneficiaries of the land trusts from plaintiffs to defendant. Plaintiffs also sought a preliminary injunction to bar defendant from transferring the res of the trust. Memorandums of law were submitted and a hearing was scheduled on the issuance of the injunction. Upon plaintiffs' motion, however, the trial court permitted the withdrawal of the motion for preliminary injunction with prejudice. As best as can be determined from the record on appeal, the case proceeded with pretrial matters and on September 27, 1979, was set for trial in February 1980. On October 11, 1979, notwithstanding the pending litigation, defendant filed a petition to

judicially authorize the conveyance of property, which petition is the subject of this appeal.

Defendant alleged that she had contracted to sell the real estate, including a card shop and boutique, which constituted the res of one of the contested land trusts. Plaintiffs' purported filing of a *lis pendens* on the property[1] had caused the loan company to reconsider its mortgage commitment and the title company to refuse to waive the resulting exception. The petition was accompanied by copies of the will of the decedent and letters of office; an agreement to sell the property executed on July 15, 1979; a direction to the land trust to convey the property; a title report; and an appraisal. Since the closing was to be held a few days later and the mortgage commitment would expire on that date, the petition requesting that the sale be allowed to proceed free from the outcome of the collateral constructive trust litigation was heard on the following day. At the hearing defendant gave uncontradicted testimony that the card shop on the property was facing bankruptcy unless the sale was consummated. Other evidence was received as to the economic justification for the sale and the possible depreciation in the value of the asset if the sale were not to proceed. Plaintiffs objected to the sale on the basis that the statute giving judicial authority to order the sale despite the filed *lis pendens* stipulated that the judge had to find that specific performance would not be a proper remedy in the pending litigation. The trial court stated that since there was no contract between plaintiffs and defendant, specific performance would not be a proper remedy. It noted that on reconsideration there was no merit to plaintiffs' complaint for constructive trust and defendant's earlier motion to dismiss that litigation should have been allowed. The trial court then authorized the consummation of the sale and denied plaintiffs' motion for a stay pending appeal. An order was filed on October 11, 1979, and this appeal was filed on that date. The order filed October 11, however, was not signed by the trial judge, and a properly signed order, dated October 11, was filed on October 12, 1979.

Subsequent to the filing, a *nunc pro tunc* order was entered to amend the October 11 order to add, *inter alia,* the express finding that "No just reason exists for delaying the enforcement or appeal from or of this order." No motion was made to this court for a stay of the trial court's order, and all parties agree that the property was conveyed following the trial court's order. In March 1980, defendant petitioned this court to dismiss plaintiffs' appeal. Defendant's motion raised several procedural

---

[1] During the hearing on the petition, defendant's attorney and the court each stated that no notice of plaintiffs' filing of the *lis pendens* had been sent to them or preserved in the record. The *lis pendens* was allegedly filed in December 1978, immediately after plaintiffs' motion for a preliminary injunction was withdrawn with prejudice.

issues, including, among others, the timing of the filing of the notice of appeal and the possible mootness of the appeal. In conjunction with this motion, defendant presented several affidavits. One, from the attorney for the subsequent third-party purchasers, averred that they were party neither to the trial nor the appeal. Another affidavit was presented by the assistant vice president of Harris Trust & Savings Bank, stating that on October 12, 1979, an executed trustee's deed was delivered conveying the subject property into a different land trust, presumably held by a nominee of the subsequent purchasers. We denied defendant's motion to dismiss at that stage of the appeal.

Plaintiffs challenge the action of the trial court in ordering the sale of property without a precise finding that specific performance would not be necessary for final judgment in the collateral constructive trust proceeding. They base their contention on section 1 of the "Lis Pendens Act" (Ill. Rev. Stat. 1979, ch. 110, par. 405). Paragraph 4 of section 1 of the "Lis Pendens Act," under which defendant petitioned for the sale in the trial court, also provides in relevant part that:

> "At any time during the pendency of a suit or proceeding initiated after July 1, 1959, which shall be constructive notice, the court, upon motion, may for good cause shown, *provided a finding of specific performance is not necessary for final judgment in the suit or proceeding,* and upon such terms and conditions, including the posting of suitable bond, if any, as it may deem equitable, authorize the making of a deed, mortgage, lease or other conveyance of any or all of the real estate affected or involved, in which event the party to whom the deed, mortgage, lease or other conveyance of the real estate is made and those claiming under him shall not be bound by such suit or proceeding. *Appeal shall lie from any order which either authorizes or denies the making of a deed, mortgage, lease or other conveyance of real estate."* (Emphasis added.)

■■ It is elementary that specific performance is an equitable remedy to compel execution of a contract. (5A Corbin on Contracts, §1140, at 111-13 (1964).) Thus, for the sale to have been foreclosed on the basis that specific performance might be ordered in the collateral proceeding, there must have been some evidence of a contract. Contrary to plaintiffs' assertions, it is clear from the transcript of the hearing on defendant's petition that the trial court was aware of this section and considered the applicability of specific performance to the plaintiffs' constructive trust suit. The trial court reasoned that since the collateral suit was not founded on a contract, the remedy of specific performance would not lie. The court then stated that it would authorize the conveyance because the

evidence clearly supported the sale. This authorization, under the statute set out above, acted to release the third-party purchasers from future liability in the collateral suit.

Plaintiffs, nevertheless, had an alternative course of action to forestall the transfer of the property to third-party purchasers. Pending appeal, they could have petitioned for a stay of judgment from this court. (See Ill. Rev. Stat. 1979, ch. 110A, par. 305(i).) If properly undertaken, this procedure might have prevented the transfer pending appellate review of the trial court's action. Although plaintiffs requested a stay in the trial court, upon its denial they failed to request or in any way perfect a stay in the appellate court. Supreme Court Rule 305(i) specifically states:

> "If a stay is not perfected within 30 days of the entry of the judgment appealed from, or within any extension of time granted under subparagraph (a)(2) of this rule, *the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed*; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issue pursuant to a sale based on the judgment and before the judgment is stayed. This paragraph applies even if the appellant is an infant or *non compos mentis* or under duress at the time the judgment becomes final." (Emphasis added.)

Thus, even if the trial court did act improperly in authorizing the sale, a supposition which is not supported by the record, the plaintiffs' failure to obtain a stay has mooted their appeal. It is well established that in the absence of a stay, an appeal is moot if possession or ownership of specific property which is inextricably involved in the relief being sought on appeal has been conveyed to third parties. (*Avondale Savings & Loan Association v. Amalgamated Trust & Savings Bank* (1979), 78 Ill. App. 3d 244, 247, 397 N.E.2d 121.) Under Rule 305(i), the record must disclose that the third-party purchasers were not parties to the action. The trial transcript here reveals that the purchasers were not parties; the uncontradicted affidavits presented in conjunction with defendant's motions on appeal verify their posture.[2] (See also *Glen Ellyn Savings & Loan Association v. State Bank* (1978), 65 Ill. App. 3d 916, 382 N.E.2d 1267; *Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 307 N.E.2d 673.) Rule 305(i) by its own terms specifies that title to property held by a

---

[2] Plaintiffs have also attempted to argue that since the deed was dated prior to the date of the trial court's order the transfer was ineffective to shield the parties. The affidavit of the Harris Bank official, however, stands uncontradicted that the transfer took place after the trial court order.

person who was not a party to the litigation and who acquired it after the judgment appealed from became final[3] (see Ill. Rev. Stat. 1979, ch. 110, par. 405), and before it was stayed, will not be affected by a reversal or modification of that judgment. (*Glen Ellyn Savings & Loan*, at 922.) Thus plaintiffs' attempt to distinguish those cases which discuss Rule 305(i) on the basis that they concern mortgage foreclosure sales rather than the precise situation presented at bar is ineffective. Rule 305(i) makes no such delineation of its scope; therefore, in the absence of a perfected stay, plaintiffs' appeal, based on a challenge to the propriety of what is now an executed transfer of the subject property to third-party purchasers, is moot.

■ Plaintiffs also contend that the trial court's denial of their request for a stay was such an abuse of discretion as to negate the applicability of Rule 305(i). The power to grant stays is discretionary (see *City of Chicago v. Cosmopolitan National Bank* (1979), 77 Ill. App. 3d 212, 220, 395 N.E.2d 1070), and even if the trial court abused that discretion, which does not appear on the record here, plaintiffs' remedy was to renew immediately their motion in the appellate court rather than to attack belatedly the trial court's action in this appeal.

■ One other procedural aspect of this case mandates dismissal of this appeal. It is clear from the record that the signed order by the trial court was not filed until October 12, 1979. It is equally evident that the notice of appeal was filed on October 11. Supreme Court Rule 272 provides:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only *when the signed judgment is filed.* If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110A, par. 272.)

The committee comments to Rule 272 specify that its purpose is to remove all doubt as to when the judgment becomes final. When read in conjunction with Rule 303, which states that "the notice of appeal must be filed with the clerk of the circuit court within 30 days *after* the entry of the

---

[3] "Appeal shall lie from any order which either authorizes or denies the making of a deed, mortgage, lease or other conveyance of real estate." We note that the recent decision of *Albaugh v. Cooley* (1980), 88 Ill. App. 3d 320, 410 N.E.2d 873, appears to cast doubts on the constitutionality of the legislature's prescribing, in the Civil Practice Act, the appealability of trial court orders (which is usually the province of the Supreme Court). However, Supreme Court Rule 1, not discussed in *Albaugh*, explicitly adopts the Civil Practice Act where not contrary to the Supreme Court Rules. Compare Ill. Rev. Stat. 1979, ch. 110A, par. 304 (Supreme Court Rule pertaining to appealability of orders that do not dispose of entire litigation).

final judgment appealed from" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110A, par. 303), it is clear that the notice of appeal must be filed after the signed judgment of the trial court is filed. In the instant case the notice of appeal was filed prior to the filing of the signed final order of the trial court. (See *Berkheimer v. Berkheimer* (1978), 63 Ill. App. 3d 19, 20-21, 380 N.E.2d 474.) As a result, and since plaintiffs have made no motion to amend their notice of appeal, the notice as filed was ineffective to vest this court with jurisdiction. See *Texaco, Inc. v. Barnes* (1978), 60 Ill. App. 3d 696, 699, 377 N.E.2d 187; accord, *Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 982-84, 326 N.E.2d 74.

For the foregoing reasons, we find that defendant's prior motion to dismiss this appeal was improvidently denied and is now granted.

Appeal dismissed.

PERLIN, P. J., and DOWNING, J., concur.