ILLINOIS HOUSING DEVELOPMENT AUTHORITY, Plaintiff-Appellee, v. LA SALLE NATIONAL BANK *et al.*, Defendants-Appellants.

Second District   No. 84—0828

Opinion filed December 31, 1985.

Harold I. Levine and Samuel H. Levine, both of Chicago, for appellants.

Joseph S. Wright and Bernard C. Ownes, both of Martin, Craig, Chester & Sonnenschein, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

On August 3, 1984, the circuit court of Du Page County entered a judgment of foreclosure against defendants, La Salle National Bank, as trustee under trust No. 44132, and Lisle Development Associates. The judgment included a finding that defendants had waived their right of redemption. Defendants appeal the judgment of foreclosure as to the finding of waiver of right of redemption.

Plaintiff, the Illinois Housing and Development Authority (IHDA), is a body politic and corporate with power "to make loans for the acquisition, construction and rehabilitation of housing, community facilities and housing related commercial facilities" for low and moderate income families. (Ill. Rev. Stat., 1984 Supp., ch. 67½, par. 303.) On October 25, 1982, IHDA filed a suit against defendants to foreclose its mortgage on certain real property known as Shadowood Apartments, a 300-unit apartment complex located in Du Page County.

On August 3, 1984, the circuit court entered a judgment of foreclosure against defendants and granted IHDA immediate possession of the real estate after finding that defendant La Salle National Bank, as trustee, was required to waive its right of redemption under paragraph 19 of the trust agreement. Paragraph 19 stated:

> "The Trustee is authorized and empowered and shall, if requested by Authority, waive any and all rights of redemption from sale under any order or decree of foreclosure of the mortgage on its own behalf and on behalf of each and every person except decree of judgment creditors of the Trustee in its representative capacity acquiring any interest in or title to the premises subsequent to the date of the mortgage."

The court also expressly found "that there [was] no just reason for delaying the enforcement of this decree or an appeal therefrom."

On August 31, 1984, defendants filed this appeal, but failed to obtain a stay of the judgment. Subsequently, a sheriff's sale was held on September 13, 1984, and the subject real property was sold to American National Bank & Trust Company, as trustee under trust No. 62199. The sheriff's sale was approved by the circuit court on September 19, 1984.

The first issue raised is whether this appeal has become moot due to the later sale of the subject real estate. It is well established that in the absence of a stay, an appeal is moot if possession or ownership of the specific property which is involved in the relief being sought on appeal has been conveyed to third parties. (87 Ill. 2d R. 305(i); *Jones v. Matthis* (1980), 89 Ill. App. 3d 929; *Horvath v. Loesch* (1980), 87 Ill. App. 3d 615; *Schwind v. Mattson* (1974), 17 Ill. App. 3d 182.) The record must unequivocally disclose, however, that the third-party purchaser was not a party or a nominee of a party to the litigation. *Arnold v. Leahy Home Building Co.* (1981), 95 Ill. App. 3d 501; *Avondale Savings & Loan Association v. Amalgamated Trust & Savings Bank* (1979), 78 Ill. App. 3d 244; *Glen Ellyn Savings & Loan Association v. State Bank* (1978), 65 Ill. App. 3d 916.

On the issue of mootness, plaintiff submitted the affidavit of James A. Regas which stated: (1) that he was the general partner of Shadowood Partners, the sole beneficiary under trust No. 62199; (2) that Shadowood Partners was not a party or a nominee of any party to this litigation, nor was it a beneficiary or a nominee of any beneficiary under the prior trust No. 44132; (3) that American National Bank & Trust Company, as trustee under trust No. 62199, was not a party nor a nominee of any party to this litigation; and (4) that Shadowood Partners had received a mortgage loan commitment from IHDA. Defendants contend that this affidavit is insufficient to show unequivocally that this appeal is moot because the loan documents between IHDA and Shadowood Partners might possibly reveal that IHDA has an ownership interest in the property or an interest in Shadowood Partners as a partner or a joint venturer.

The affidavit of James Regas states that American National Bank & Trust Company, as trustee under trust No. 62199, now holds the fee simple title to the subject real estate and that the sole beneficiary under this trust is Shadowood Partners. Therefore, the only way IHDA could have any ownership interest in the property would be if it was a partner in Shadowood Partners. Defendants correctly point out that Regas' affidavit does not state who the other partners are, nor does it affirmatively state that IHDA is not a partner.

Defendant's argument raises the issue of whether a partnership

would be considered a nominee of a party under Supreme Court Rule 305(i) if one of its partners was a party to the foreclosure action. IHDA admitted at oral argument that, in its opinion, a partnership would be a nominee for its partners. We agree.

■ In *First National Bank v. Road District No. 8* (1945), 389 Ill. 156, our supreme court, in discussing a predecessor to Rule 305(i), stated:

> "These provisions of the Civil Practice Act and of the Judgments Act are expressly for the protection of persons not parties to the suit. No such protection is afforded the parties to the action, and it has never been the rule that their rights are the same as those of strangers tot he litigation. *** A party to a suit is presumed to know of all the errors in the record, and such party cannot acquire any rights or interests based on such erroneous decree that will not be abrogated by a subsequent reversal thereof." (389 Ill. 156, 161-62.)

Further, section 12 of the Illinois Uniform Partnership Act (Ill. Rev. Stat. 1983, ch. 106½, par. 12) states in relevant part:

> "[K]nowledge of the partner acting in the particular matter, acquired while a partner or then present to his mind, and *the knowledge of any other partner who reasonably could and should have communicated it to the acting partner, operate as notice to or knowledge of the partnership* ***." (Emphasis added.)

We find, therefore, that a partnership is a nominee of its individual partners and would not be protected as a stranger to the litigation if one of its partners was a party to the litigation. Further, since the Regas affidavit does not factually negate that IHDA is a partner in Shadowood Partners, this appeal cannot be dismissed as moot at this time.

■ The second issue raised on appeal is whether defendants waived their right of redemption. It has long been the general rule in this State that the right of redemption cannot be waived in a mortgage, even by express stipulation of the parties. (*Williams v. Williston* (1924), 315 Ill. 178; *Bearss v. Ford* (1883), 108 Ill. 16.) This general rule is subject to two statutory exceptions under which a corporation (Ill. Rev. Stat. 1983, ch. 110, par. 12—124), or a corporate trustee if so empowered (Ill. Rev. Stat. 1983, ch. 110, par. 12—125), may waive its right of redemption by provision in a mortgage or trust deed. In the present action it was undisputed that defendant-trustee was a corporate trustee and that its trust agreement empowered and required it to waive its right of redemption if re-

quested to by plaintiff. It is also undisputed, however, that the mortgage did not contain a waiver of redemption.

The circuit court held that the redemption waiver clause in the trustee agreement was enforceable against the corporate trustee because the mortgage and the trust agreement could be read as one instrument under *Thread & Gage Co. v. Kucinski* (1983), 116 Ill. App. 3d 178. The general rule stated in *Thread & Gage Co.* is that, unless a contrary intention is manifested, different instruments executed by the same parties, at the same time, for the same purpose, and in the course of the same transaction, are regarded as one instrument and will be read and construed together. *Wynekoop v. Wynekoop* (1950), 407 Ill. 219; *Nelson v. State Bank* (1933), 354 Ill. 408; *Thread & Gage Co. v. Kucinski* (1983), 116 Ill. App. 3d 178.

█ In the instant case, the mortgage and the trust agreement were not executed between the same parties. The mortgage was between defendant-trustee and IHDA, while the trust agreement was between defendant-trustee and defendant-beneficiary. Notwithstanding plaintiff's argument that form should not be elevated over substance, the fact that the trust agreement may have been drafted with the interests of IHDA in mind does not make IHDA a party to the trust agreement. Two agreements executed by different parties cannot be regarded as one instrument. *Susmano v. Associated Internists* (1981), 97 Ill. App. 3d 215.

Plaintiff also argues that this court should not interfere with the parties' freely contracted promise to waive the right of redemption contained in the trust agreement and that section 12—125, which allows a corporate trustee to waive its right of redemption "by provision in any mortgage or trust deed," should not be interpreted as limiting the trustee's power of waiver to a mortgage or trust deed only.

█ It is fundamental to statutory construction that courts should ascertain and give effect to the intent of the legislature. (*Sayles v. Thompson* (1983), 99 Ill. 2d 122, 125.) In doing so, the language of the statute is the surest indication of the legislative intent. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475.) Where the statutory language is certain and unambiguous the only legitimate function of the court is to enforce the law as enacted by the legislature. (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84.) Here the statutory language is certain and unambiguous. The statute provides that a corporate trustee may, when so empowered, waive its right of redemption "by provision in any mortgage or trust deed in the nature of a mortgage ***." (Ill. Rev. Stat. 1983, ch. 110, par. 12—125.) It is

undisputed in the present case that the corporate trustee did not waive its right of redemption in its mortgage.

Plaintiff argues that if the statute is interpreted as limiting the corporate trustee's power of waiver to the mortgage or trust deed, the statute is an unconstitutional impairment of the freedom of contract. Plaintiff reasons that once the legislature has determined that a corporate trustee is competent to waive the right of redemption in a mortgage or trust deed, there is no reasonable basis for prohibiting the trustee from waiving the same right outside of the mortgage or trust deed when requested to do so by the mortgage.

Freedom of contract, as guaranteed by both the State and Federal constitutions, is a qualified right and is subject to the reasonable and legitimate exercise of the police power of the State. (*Community Renewal Foundation, Inc. v. Chicago Title & Trust Co.* (1970), 44 Ill. 2d 284, 290.) The constitutional guarantee does not withdraw from legislative supervision the power to provide restrictive safeguards. Liberty implies only the absence of arbitrary restraint, not immunity from reasonable regulations and prohibitions imposed in the interests of the community. *Memorial Gardens Association, Inc. v. Smith* (1959), 16 Ill. 2d 116, 128.

We note that in the instant case the corporate trustee was *required* under the terms of its trust agreement to waive the right of redemption when requested to by the mortgagee. Therefore, while the mortgagee did not formally request the corporate trustee to waive the right of redemption until the foreclosure hearing, the right of redemption was effectively waived in the trust agreement.

■ It is clear that section 12—125 allows the corporate trustee, not the trust beneficiary, to waive the right of redemption. Where the waiver appears in the mortgage or trust deed in accordance with the statute, it is clear that the waiver is being given to the mortgagee by the corporate trustee because these are the parties to that agreement. However, where the waiver appears in the trust agreement, an agreement between the beneficiary and the corporate trustee, it may well be the trust beneficiary rather than the corporate trustee, who is waiving the right of redemption. We cannot say, therefore, that there is no reasonable basis for limiting a corporate trustee's power of waiver to the mortgage or trust deed instruments.

For the reasons stated herein, the judgment of the circuit court of Du Page County is reversed and the cause is remanded. The trial court is directed to hear and determine whether the issue of redemption has become moot by operation of Supreme Court Rule 305(i) (87

Ill. 2d R. 305(i)). If the issue of redemption has not become moot, the trial court will permit defendant to exercise its right of redemption under such terms and conditions as the law may provide and the trial court shall determine.

Reversed and remanded with directions.

NASH, P.J., and LINDBERG, J., concur.