THE TOWN OF LIBERTYVILLE, Plaintiff-Appellant, v. LYNNE M. MORAN *et al.*, Defendants-Appellees.

Second District   No. 2—88—0479

Opinion filed February 28, 1989.—Rehearing denied March 31, 1989.

William D. McElyea, of Siemon, Larsen & Purdy, of Chicago (Charles L. Siemon and Gerald P. Callaghan, of counsel), for appellant.

Snyder, Clarke, Dalziel & Johnson, of Waukegan (Clayton P. Voegtle, of counsel), for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, the Town of Libertyville, appeals from a judgment of the circuit court of Lake County entered on a jury award of $713,528 as just compensation for a 52.3-acre parcel of real property owned by defendants, Lynne M. Moran and Joyce H. Diserio, as trustee under a trust agreement, which plaintiff sought to acquire by condemnation pursuant to the Township Open Space Act (Ill. Rev. Stat. 1985, ch. 139, par. 321 *et seq.*).

Plaintiff raises numerous trial errors and the amount of the jury award as issues on appeal. Defendants have filed a motion to dismiss

the appeal for mootness, which we have taken with the case.

Defendants are the owners of approximately 52 acres of unimproved property in Libertyville Township in Lake County, Illinois. On May 29, 1986, plaintiff filed this condemnation action to acquire the property under the Township Open Space Act. Following a jury trial, the jury returned an award of just compensation of $713,528. On January 27, 1988, the circuit court entered judgment on the verdict and ordered payment within 30 days to the treasurer of Lake County for the benefit of defendants. The court further ordered that upon payment plaintiff would be vested with fee simple title to the property.

On January 30, 1989, following the filing of the parties' appellate briefs, defendants filed a motion to dismiss this appeal as moot. In the motion, and in an accompanying affidavit, defendants stated that the plaintiff had not deposited the funds representing the jury award with the treasurer of Lake County, that plaintiff had appealed and had not requested a stay of the judgment, and that the subject property had subsequently been sold for $832,000 on January 27, 1989, to Regency Woods Limited Partnership (Regency Woods), a nonparty to the litigation in which defendants had no ownership interest. The general manager of Regency Woods filed an affidavit representing that defendants had no interest in the limited partnership and that Regency Woods was not acting as a nominee for defendants.

In their motion, defendants have cited Supreme Court Rule 305(i) (107 Ill. 2d R. 305(i)), which provides, in pertinent part, that "the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed." Defendants further argue that the appeal is now rendered moot because the relief being sought on appeal necessarily involves possession or ownership of specific property which has been conveyed to a third party, not a party or nominee of a party to this action, where no stay of the judgment has been obtained by plaintiff, citing *Illinois Housing Development Authority v. La Salle National Bank* (1985), 139 Ill. App. 3d 985, 487 N.E.2d 772, *Arnold v. Leahy Home Building Co.* (1981), 95 Ill. App. 3d 501, 420 N.E.2d 699, *Jones v. Matthis* (1980), 89 Ill. App. 3d 929, 412 N.E.2d 649, *Horvath v. Loesch* (1980), 87 Ill. App. 3d 615, 410 N.E.2d 154, and *Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 307 N.E.2d 673.

Plaintiff filed an objection and response to the motion to dismiss in which it contends that the judgment below was automatically stayed by its filing of a notice of appeal and, further, that the third-

party purchasers take subject to the condemnation action because plaintiff's rights in the property are protected by the *lis pendens* notice it filed with the Lake County recorder of deeds on May 29, 1986, and because title, which passes to plaintiff upon payment of the judgment, relates back by operation of law to the date of the filing of the complaint for condemnation. The affidavits submitted with defendants' motion which state, in pertinent part, that the third-party purchaser is not a party or a nominee of defendants, are not controverted by plaintiff.

The motion to dismiss and the response were taken with the case, and the parties were permitted to present arguments thereon at oral argument. We find this issue dispositive of the appeal.

In support of its argument that its filing of an appeal in this case automatically stayed the judgment of the trial court entered on the just compensation award, plaintiff cites *County Board of School Trustees v. Boram* (1962), 26 Ill. 2d 167, 186 N.E.2d 275, *City of Winchester v. Ring* (1925), 315 Ill. 358, 146 N.E. 541, and *City of Chicago v. Schorsch Realty Co.* (1972), 6 Ill. App. 3d 1074, 287 N.E.2d 93. None of these cases, however, stand for the proposition suggested by plaintiff, that an appeal in a condemnation case automatically stays the judgment. Rather, those cases stand for the narrower proposition that when the property owner appeals the amount of a condemnation award, the amount of the award is not finally determined until the appeal is disposed of, and, therefore, the time allowed in the judgment for payment is stayed and does not begin to run until the mandate is issued. *Schorsch Realty Co.*, 6 Ill. App. 3d at 1078, 287 N.E.2d at 95.

Plaintiff argues, alternatively, that its rights in the subject property are protected because it filed a *lis pendens* notice pursuant to section 2—1901 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1901) on May 29, 1986, the day it filed the condemnation action, and that the *lis pendens* notice remains effective during the pendency of this appeal. Such an argument, however, ignores Supreme Court Rule 305 (107 Ill. 2d R. 305), which establishes the procedures to be followed by a party to obtain a stay of a judgment and thereby protect its interest in real or personal property pending an appeal. (See 107 Ill. 2d R. 305, Committee Comments, at 406.) Rule 305(b)(1) provides that, upon notice and motion, the trial court or the reviewing court may stay, pending appeal, the enforcement of a judgment for money not stayed pursuant to Rule 305(a) or the enforcement, force and effect of any other final or interlocutory judgment or order. (107 Ill. 2d R. 305(b)(1).) The stay shall be conditioned upon such terms as are just, including a bond in the case of a judgment for

money or a stay for the protection of interests in property. (107 Ill. 2d R. 305(b)(3).) In the case of an appeal by a public or governmental body, the court may stay the judgment pending appeal without requiring any bond. (107 Ill. 2d R. 305(g).) Finally, Rule 305(i) states:

"(i) Effect on Interests in Property of Failure to Obtain Stay. If a stay is not perfected within 30 days of the entry of the judgment appealed from, or within any extension of time granted under subparagraph (a)(2) of this rule, the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed. This paragraph applies even if the appellant is a minor or a person under legal disability or under duress at the time the judgment becomes final." (107 Ill. 2d R. 305(i).)

Rule 305 clearly establishes procedures which must be followed in obtaining a stay of judgment pending appeal and the resulting effect on an appellant's interest in property by failing to so obtain a stay when the property is acquired by a third person after the judgment becomes final.

The section of the Civil Practice Law providing for *lis pendens* notice applicable hereto, on the other hand, does not address the applicability of *lis pendens* to an appeal. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—1901; see also Ill. Rev. Stat. 1985, ch. 30, par. 121.) The historical and practice notes to this section, however, do refer the reader to Supreme Court Rule 305(i), concerning the effect of an unstayed judgment on interests in real or personal property. (Ill. Ann. Stat., ch. 110, par. 2—1901, Historical and Practice Notes, at 68 (Smith-Hurd 1988 Supp.); see also Carlson & Tillery, *Lis Pendens*, in Illinois Civil Practice Before Trial ch. 7, §7.16 (Ill. Inst. for Cont. Legal Educ. 1978) (appeal does not act as *lis pendens* as to third parties).) Moreover, Supreme Court Rule 1 provides, in part, that "[t]he rules on appeals shall govern all appeals." (107 Ill. 2d R. 1.) Thus, supreme court rules as to appeals supersede all statutory provisions. (*In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 405, 403 N.E.2d 1036; *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 66, 237 N.E.2d 495; *Smith v. Goldstick* (1982), 110 Ill. App. 3d 431, 435, 442 N.E.2d 551.) Consequently, Supreme Court Rule 305 provides the exclusive

means by which an appellant may protect its interests in property pending appeal and makes no exception for a condemnation proceeding.

■ Plaintiff, however, cites *O'Laughlin v. City of Chicago* (1976), 65 Ill. 2d 183, 357 N.E.2d 472, in support of its argument that the *lis pendens* notice it filed pursuant to section 2—1901 of the Civil Practice Law at the time it instituted this suit continues to protect its interests in the subject property during pendency of this appeal. In *O'Laughlin*, our supreme court held that the filing of a *lis pendens* notice during pendency of the appeal bound the third-party purchasers to the judgment of the appellate court and that they took the property subject to the *lis pendens* notice. (*O'Laughlin*, 65 Ill. 2d at 193, 357 N.E.2d at 477.) In *O'Laughlin*, however, the issue of whether the filing of a *lis pendens* notice is sufficient to protect a party's interests in property involved in the litigation pending appeal was apparently not raised by the parties, nor did the court engage in any discussion of that question. Furthermore, the opinion does not mention Rule 305(i), which was in existence at that time. Thus, we do not find *O'Laughlin* controlling as to the issues presented here.

Finally, plaintiff argues that, even if there is no stay in this case, the third-party purchaser took the property subject to plaintiff's prior right to the property which arose at the time of filing of its condemnation petition. Plaintiff cites *Board of Junior College District 504 v. Carey* (1969), 43 Ill. 2d 82, 250 N.E.2d 644, in support of its contention. *Board of Junior College District 504* did not address the issue, however, of whether the filing of a condemnation petition alone secures the condemnor's interest in the property pending appeal. Furthermore, in that case the court stated that title to the condemned property passes upon payment of the compensation award and that such title passes in the condition it was in at the time the condemnation action was commenced. 43 Ill. 2d at 85-86, 250 N.E.2d at 646-47.

■ Here, plaintiff never paid the award which would pass title to it, but rather, it argues that the appeal is a continuation of the proceeding and, therefore, the interest it acquired in the title at the time of filing the condemnation petition is protected during the appeal as well. In this latter regard, plaintiff points out that an appeal is considered to be a continuation of the trial court proceeding. (See 107 Ill. 2d R. 301.) Plaintiff cites no authority, however, nor do we find any, which holds that the interest of a condemnor in the condemned property is automatically protected during the pendency of an appeal. Moreover, such a rule would be inconsistent with the purpose of Rule 305(i), which is to require the appealing party to obtain a stay pend-

ing appeal to protect its interest in real or personal property from third parties. To hold otherwise would be to allow a condemning party to tie up the subject property without any protection for the property owner. Thus, we hold that, absent a stay pursuant to Rule 305(i), an appeal in a condemnation suit by the condemnor does not protect its interest in the subject property from the interest acquired by a third-party purchaser subsequent to the judgment, and such third-party purchaser is not bound by the reversal or modification of the judgment on appeal.

■■ The only question that remains to be decided then is whether this case is rendered moot by Rule 305(i). It is well established that in the absence of a stay, an appeal is moot if a specific property, possession or ownership of which is the relief being sought on appeal, has been conveyed to third parties. (*People ex rel. First National Bank v. City of North Chicago* (1987), 158 Ill. App. 3d 85, 94-95, 510 N.E.2d 577; *Illinois Housing Development Authority v. La Salle National Bank* (1985), 139 Ill. App. 3d 985, 987, 487 N.E.2d 772; *Arnold v. Leahy Home Building Co.* (1981), 95 Ill. App. 3d 501, 514, 420 N.E.2d 699; *Horvath v. Loesch* (1980), 87 Ill. App. 3d 615, 619, 410 N.E.2d 154.) Additionally, the record must unequivocally disclose that the third-party purchaser was not a party or a nominee of a party to the litigation. *People ex rel. First National Bank,* 158 Ill. App. 3d at 95, 510 N.E.2d at 583; *Illinois Housing Development Authority,* 139 Ill. App. 3d at 987, 487 N.E.2d at 774.

■■ There is no doubt in this case that plaintiff sought title to the subject property by way of condemnation. Defendants, however, conveyed that title to a third-party purchaser during the pendency of this appeal. Additionally, defendants submitted their affidavit as well as that of the general partner of the third-party purchaser, both of which establish that the limited partnership that purchased the subject property is not a party to the litigation or a nominee of defendants. Plaintiff offered no evidence to rebut the status of the third-party purchasers. Thus, based on this uncontroverted record, the title in the subject property was conveyed to neither a party nor a nominee of a party to the litigation and, therefore, absent a stay under Rule 305, this appeal is moot.

Appeal dismissed.

WOODWARD and DUNN, JJ., concur.