# Illinois Official Reports

## Appellate Court

---

### *Deutsche Bank National Trust Co. v. Roman*, 2019 IL App (1st) 171296

---

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Indymac Indx Mortgage Loan Trust 2006-AR25, Mortgage Pass-Through Certificates Series 2006-AR25, Plaintiff-Appellee, v. CESAR ROMAN and IRENE ROMAN, Defendants-Appellants. |
| District & No. | First District, Fourth Division<br>Docket No. 1-17-1296 |
| Filed | January 17, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-4601; the Hon. Daniel Patrick Brennan, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Robert D. Shearer, of Chicago, for appellants.<br><br>Natalie Burris, of Codilis & Associates, P.C., of Burr Ridge, for appellee. |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion. Presiding Justice McBride and Justice Gordon concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendants Cesar and Irene Roman appeal the order of the circuit court of Cook County, which granted summary judgment in favor of plaintiff, Deutsche Bank National Trust Company, as Trustee for Indymac Indx Mortgage Loan Trust 2006-AR25, Mortgage Pass-Through Certificates Series 2006-AR25. On appeal, defendants maintain the circuit court's entry of summary judgment was entered in error where (1) plaintiff did not follow the "mandatory requirements" of Illinois Supreme Court Rule 113(c)(3) (eff. May 1, 2013), (2) the mortgage foreclosure complaint does not set forth a valid cause of action in that the factual allegations surrounding plaintiff's standing are insufficient, (3) there is no evidence in the record that plaintiff sent a notice of default and acceleration to defendants prior to filing the foreclosure action, (4) defense counsel apprised the circuit court that he could not attend the May 24, 2016, hearing due to a medical emergency, but the hearing commenced regardless, violating defendants' procedural and substantive due process rights, (5) defendants' certifications contradicted plaintiff's loss mitigation affidavit creating a genuine issue of material fact, and (6) the affidavit as to military service filed by plaintiff was improperly executed by an employee of One West Bank and not by plaintiff's counsel requiring the complaint to be "dismissed." For the reasons stated herein, we dismiss the appeal as moot.

## I. BACKGROUND

¶ 2

¶ 3    This matter has a long litigation history; accordingly, only those facts relevant to this appeal will be recited herein.

¶ 4    Plaintiff filed a complaint to foreclose a mortgage against defendants on February 8, 2011, for a property located at 1460 W. Cortez Street in Chicago (the property). In its complaint, plaintiff alleged that it was the legal holder of the indebtedness. The mortgage and note were executed by IndyMac Bank, F.S.B., the lender, and the note was endorsed in blank. The mortgage provided that Mortgage Electronic Registration Systems, Inc. (MERS) is a separate corporation that is acting solely as a nominee for the lender and the lender's successor and assigns. The mortgage further indicated that MERS "is the mortgagee under this Security Instrument."

¶ 5    Defendants appeared and filed a motion to dismiss the complaint, which, after the matter was fully briefed, was denied by the circuit court. After granting defendants numerous extensions of time to file an answer, plaintiff moved for a default judgment, which the circuit court granted on July 24, 2012. A judgment of foreclosure and sale was also entered that day. Defendants then moved to vacate the default judgment, which the trial court granted on October 23, 2012. That same day, defendants filed their answer.

¶ 6    After various pleadings were considered by the circuit court irrelevant to this appeal, plaintiff filed a motion for summary judgment and for an entry of a judgment of foreclosure and sale on February 16, 2016. In support of its motion, plaintiff attached an affidavit of the servicer of the loan who averred the amounts due and owing. Also attached to the motion was an affidavit as to military service, which provided that counsel for the plaintiff had conducted an online search of the United States Department of Defense Manpower Data Center regarding the defendants' current military status and that those results indicated that none of the defendants were currently on active duty in the United States military. Plaintiff also provided a copy of the assignment, which set forth that MERS—as nominee for IndyMac Bank, F.S.B., its

successors, or assigns—assigned to plaintiff the mortgage and note at issue. The assignment indicated it was executed on February 11, 2011. The motion for summary judgment was further accompanied by a loss mitigation affidavit pursuant to Illinois Supreme Court Rule 114 (eff. May 1, 2013), which set forth the attempts made to provide defendants with loss mitigation options.

¶ 7    The circuit court set a briefing schedule for the motion for summary judgment and provided that defendants had until April 14, 2016, to file their response. Defendants, however, did not timely file their response and, on May 10, 2016, requested leave to file their response instanter. In their response, defendants argued that (1) they did not receive a grace period notice, as required by the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1503(b) (West 2016)) and (2) plaintiff did not send a "notice of foreclosure" to the alderman of the ward where the property is located. Defendants maintained that at a minimum plaintiff's failings create a genuine issue of material fact as to whether the statutory preconditions for filing a complaint for foreclosure had been met. Attached to the response to the motion for summary judgment were two unsigned "verification by certifications" from defendants, which indicated they did not receive a grace period notice from plaintiff.

¶ 8    Prior to the circuit court's ruling on the defendants' motion for leave to file the response instanter, plaintiff filed its reply. Therein, plaintiff argued that because defendants were not residing at the property address at the time the complaint was filed, they were not entitled to a grace period notice pursuant to section 15-1502.5(c) of the Foreclosure Law (735 ILCS 5/15-1502.5(c) (West 2014), *repealed by* 735 ILCS 5/15-1502.5(k) (West 2014) (eff. July 1, 2016)). Plaintiff further maintained that it was not required to send a notice to the alderman because the complaint was initially filed in 2011 and the requirement for providing a notice to the alderman was not in effect until June 1, 2013.

¶ 9    On May 26, 2016, the date of the scheduled hearing, the circuit court entered summary judgment in favor of the plaintiff along with a judgment of foreclosure and sale.[1] The judgment of foreclosure entered was in the amount of $1,144,354.77 and provided for a redemption date of August 25, 2016.

¶ 10    On August 23, 2016, three days prior to the scheduled judicial sale of the property, defendants filed a motion to vacate the summary judgment and the judgment of foreclosure and sale. In the motion, defendants again argued that they did not receive a grace period notice and that plaintiff failed to send a notice to the alderman. They also set forth new arguments, that: (1) they did not receive a notice of default and acceleration from plaintiff prior to the filing of the complaint; (2) defendant Cesar Roman's "certification"[2] contradicted plaintiff's loss mitigation affidavit thereby creating a genuine issue of material fact as to whether plaintiff attempted to notify defendants regarding possible loss mitigation options; and (3) plaintiff relied on an invalid assignment to establish its standing and therefore the complaint was void *ab initio*.

¶ 11    Defendants further argued that the entry of summary judgment was improper where defendants were denied procedural due process. Specifically, defendants asserted that defense counsel was unable to attend the May 24, 2016, hearing due to a medical emergency and that

---

[1]The record on appeal does not contain a transcript of the proceedings, and no bystander's report has been filed for any of the hearing dates. See Ill. S. Ct. R. 323(c) (eff. July 1, 2017).

[2]We note that none of defendants' "certifications" included in the record are signed.

he had another attorney appear at the hearing on his behalf. After the hearing occurred, the coverage attorney reported to defense counsel that he informed the court of defense counsel's condition but the

> "Court supposedly stated that it knew nothing about [defense counsel's] condition, that it had not received a courtesy copy of the Defendants' Response; and that, since a hearing on Plaintiff's motion had been scheduled for May 24th, it was going to go ahead and enter Summary Judgment against both Defendants and a Judgment of Foreclosure and Sale in favor of Plaintiff."

Defendants maintained that their procedural due process rights were violated where it was "evident" that they were prevented from having an opportunity to respond to plaintiff's motion for summary judgment. The next day, August 24, 2016, defendants filed an emergency motion to stay the sale of the property scheduled for August 26, 2016.

¶ 12    On August 25, 2016, the circuit court entertained the emergency motion to stay the sale, as well as the motion to vacate. After a hearing on the motions, the circuit court denied defendants' motion to vacate, but granted the motion to stay the judicial sale until after October 19, 2016. The property was subsequently sold at judicial sale on October 20, 2016, to Cortez Vilico LLC, the highest bidder, for $739,300. Plaintiff then filed a motion to confirm the sale, requesting a personal deficiency be entered against Cesar Roman, including additional fees and costs incurred between the time of the entry of the judgment of foreclosure and the order approving sale, in the amount of $449,331.97. A briefing schedule was entered on the motion to confirm the sale, which provided defendants until January 3, 2017, to file their response. Defendants, however, failed to timely file their response, and on January 20, 2017, moved to have their response be filed instanter. In their response, defendants reiterated their arguments set forth in their motion to vacate and again requested that the circuit court vacate the motion for summary judgment and the judgment of foreclosure and sale.

¶ 13    On February 7, 2017, the circuit court granted defendants' motion to file its brief instanter. The circuit court also granted Cortez Vilico LLC's motion to intervene, file an appearance, and file a reply to the motion to confirm the sale. Thereafter, Vilico LLC, d/b/a Cortez Vilico LLC (Cortez Vilico LLC), filed its appearance and a reply to the motion to confirm the sale arguing none of the grounds of section 15-1508(b) applied to the judicial sale. Plaintiff also filed a reply to the motion to confirm the sale, arguing that defendants did not present any reason pursuant to section 15-1508(b) as to why the sale should not be confirmed and, regardless, the arguments set forth by defendants had already been adjudicated in plaintiff's favor.

¶ 14    On March 8, 2017, the circuit court entered the order approving the sale, confirmed the sale, and entered an order for possession. The order approving the sale stated that "all notices required by 735 ILCS 5/15-1507(c) have been properly given" to the appropriate parties. It further stated that the "sale was fairly and properly made," conformed to the terms of the circuit court's judgment, and therefore "justice was done." The order indicated that the holder of the certificate of sale was "1460 Cortez LLC." The order also directed that, upon request by the holder of the certificate of sale, the judicial sales officer "shall execute and deliver a deed sufficient to convey title to the holder of the certificate of sale." On May 18, 2017, the judicial deed for the property was recorded and indicated it was conveyed to "1460 CORTEZ, LLC, BY ASSIGNMENT."

¶ 15    Thereafter, defendants filed a motion to reconsider the order approving the sale and a motion to vacate summary judgment, the judgment of foreclosure and sale, the sale, and the

order approving the sale. Defendants renewed their prior arguments, but also maintained that summary judgment was improper because plaintiff's motion failed to comply with Illinois Supreme Court Rule 113(c)(3) (eff. May 1, 2013). In addition, defendants put forth more extensive arguments about how plaintiff lacked standing. Defendants, however, did not frame their arguments in terms of section 15-1508(b) of the Foreclosure Law. While the record on appeal does not contain an order disposing of these motions, defendant's subsequent motion to set an appeal bond filed June 19, 2017, indicates that the motions were denied.

¶ 16    Defendants filed a motion to stay the order approving the sale and possession of the property, which was denied by the circuit court. Defendants then requested leave to file a late notice of appeal, which this court granted. Defendants did not file a motion to stay in this court.

¶ 17    Before this court, plaintiff filed a motion to dismiss the appeal pursuant to Illinois Supreme Court Rule 305(k) (eff. July 1, 2004), arguing that the appeal was moot because the property had been conveyed to a third party, 1460 Cortez LLC. After the motion was fully briefed, we denied the motion. This appeal follows.

¶ 18                                   II. ANALYSIS

¶ 19    On appeal, defendants raise various challenges to the circuit court's entry of summary judgment. However, prior to addressing defendants' contentions, plaintiff raises a question as to this court's jurisdiction. Indeed, plaintiff maintains that this appeal is moot where the property has been conveyed to a third party pursuant to Illinois Supreme Court Rule 305(k) (eff. July 1, 2004).

¶ 20    We begin by noting that, although we previously denied plaintiff's motion to dismiss this matter under Rule 305(k), we are well within our authority to reconsider whether an issue is moot, pursuant to our inherent authority to reconsider our prior rulings. See *Horvath v. Loesch*, 87 Ill. App. 3d 615, 621 (1980) (reconsidering previous denial of motion to dismiss on grounds of mootness and granting it); *Stevens v. Village of Oak Brook*, 2013 IL App (2d) 120456, ¶ 37 ("A court has the inherent authority to reconsider and correct its rulings, and this power extends to interlocutory rulings as well as to final judgments.").

¶ 21    An appeal is moot if it involves no actual controversy or the reviewing court cannot grant the complaining party effectual relief. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001). It is well established that, in the absence of a stay, when the property that is the subject of an appeal is sold to a third party who is not a party to the litigation or a nominee for a party to the litigation, the appeal is moot. See *id.* at 532; see also *Northbrook Bank & Trust Co. v. 2120 Division LLC*, 2015 IL App (1st) 133426, ¶ 3; *Town of Libertyville v. Moran*, 179 Ill. App. 3d 880, 886 (1989). The failure to obtain a stay pending appeal, in and of itself, does not make an issue moot. *In re Tekela*, 202 Ill. 2d 282, 292 (2002); *Smith v. Goldstick*, 110 Ill. App. 3d 431, 434 (1982). But when supervening events make it impossible for a reviewing court to grant relief to any party, the case is rendered moot because an appellate ruling on the issue cannot have any practical legal effect on the controversy. *In re Tekela*, 202 Ill. 2d at 292-93; *Smith*, 110 Ill. App. 3d at 434.

¶ 22    Absent a stay of judgment pending appeal, Rule 305(k) (previously Rule 305(j)) protects third-party purchasers of property from appellate reversals or modifications of judgments regarding the property. *Steinbrecher*, 197 Ill. 2d at 523. Rule 305(k) states:

"If a stay is not perfected within the time for filing the notice of appeal, *** the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed." Ill. S. Ct. R. 305(k) (eff. July 1, 2004).

¶ 23    Rule 305(k) will apply if (1) the property passed pursuant to a final judgment, (2) the property's right, title, and interest passed to a person or entity that is not part of the proceeding, and (3) the litigating party did not perfect a stay of the judgment within the time for filing a notice of appeal. See *Steinbrecher*, 197 Ill. 2d at 523-24. Plaintiff argues that all of these elements were met because (1) the circuit court issued a confirmation order on March 8, 2017 (see *MidFirst Bank v. McNeal*, 2016 IL App (1st) 150465, ¶ 30 (the order confirming the sale is the final and appealable order in a foreclosure case)), (2) on May 18, 2017, a judicial deed to the property was recorded to 1460 Cortez LLC, who was not a party to the litigation, and (3) defendants did not request or obtain a stay pending appeal.

¶ 24    We find the case of *Steinbrecher* to be dispositive of this issue. In *Steinbrecher*, John Steinbrecher brought an action against his two siblings, Jerome and Rosemary, seeking to partition property that the three siblings held together as tenants in common. *Steinbrecher*, 197 Ill. 2d at 516-17. The circuit court ruled the property could not be divided among the three tenants in common without prejudice and concluded that the property should be sold at a public sale. *Id.* The property was sold to the highest bidder, Moser Enterprises, Inc. (Moser). On September 24, 1998, the circuit court confirmed the sale and directed that a quitclaim deed be recorded in Moser's name. *Id.* at 517-18. Rosemary filed posttrial motions, which were denied, and then refused to vacate the property. *Id.* at 519. In October 1998, Moser sought leave to intervene for the limited purpose of enforcing its right to possession, which was Moser's first appearance in the litigation. *Id.* The circuit court granted Moser's petition for leave to intervene, granted Moser's motion for possession, and ordered Rosemary to vacate the property. *Id.* Rosemary appealed, but never filed a motion to stay the judgment in the appellate court. *Id.* The appellate court held that the case was not moot because Moser's intervention in October 1998 barred the application of the rule protecting nonparty purchasers. *Id.* at 520. The appellate court vacated the sale of the property. *Id.* John and Moser both timely appealed to the supreme court. *Id.*

¶ 25    The supreme court found that Rosemary's appeal was moot. *Id.* at 522. The court explained that Rule 305(j) protects "third-party purchasers of property from appellate reversals or modifications of judgments regarding the property, absent a stay of judgment pending the appeal." *Id.* at 523. The court pointed out that the rule requires (1) the property was passed pursuant to a final judgment, (2) the right, title, and interest of the property was passed to a person or entity who was not part of the proceedings, and (3) the litigating party failed to perfect a stay of judgment within the time allowed for filing a notice of appeal. *Id.* at 523-24. The court further explained:

"Public policy of this state supports our conclusion. Illinois law protects the integrity and finality of property sales, including judicial sales. [Citations.] Indeed, it extends this protection to purchasers who without notice at the time of the purchase buy in good faith. This finality and permanence is relied on by both purchasers and others in

connection with the purchase of the property, including financial institutions, title insurers, realtors, and tenants. Absent this policy, no person would purchase real property involved in a judicial proceeding, if afterwards he incurred the hazard of losing the property due to facts unknown to him at the time of the sale." *Id.* at 528-29.

The court applied the requirements to the facts of the case before it. It noted that the rights to the property passed, pursuant to a final judgment, to a nonparty to the litigation at the time of the judgment and sale (Moser) and that Rosemary failed to perfect a stay of judgment. Therefore, the appeal was moot under Rule 305(j). *Id.* at 524-26.

¶ 26       Here, the record discloses that the property passed pursuant to a final judgment on March 8, 2017, when the order approving the sale was entered. See *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 12 (it is the order confirming the sale, rather than the judgment of foreclosure, that operates as the final and appealable order in a foreclosure case). The record further discloses that defendants failed to perfect a stay of the judgment within the time for filing the notice of appeal; not only did defendants fail to obtain a stay in the trial court, they did not even request a stay in this court. See *In re Tekela*, 202 Ill. 2d at 289.

¶ 27       The main issue of contention, however, is whether 1460 Cortez LLC was a party to the proceeding. We conclude that it was not. First, 1460 Cortez LLC did not move to intervene in the action, and the record does not disclose its relationship to Cortez Vilico LLC. Second, assuming 1460 Cortez LLC is related to Cortez Vilico LLC, for us to conclude that Cortez Vilico LLC participated in the foreclosure litigation as anticipated by Rule 305(k) goes against the spirit of *Steinbrecher*. Our supreme court in *Steinbrecher* clearly set forth that when the third-party purchaser "acquired title [to the property] pursuant to the judgment and sale, and at all times prior, neither was it '[o]ne by or against whom a lawsuit is brought' nor did it have a stake or standing in the partition lawsuit." *Steinbrecher*, 197 Ill. 2d at 526. The third-party purchaser was a "mere purchaser of the property." Therefore, at the time of the judgment and sale, it was a nonparty for the purposes of Rule 305. *Id.* The *Steinbrecher* court went on to explain the public policy behind Rule 305 to protect the integrity and finality of property sales, including judicial sales and that absent a policy of finality and permanence, "no person would purchase real property involved in a judicial proceeding, if afterwards he incurred the hazard of losing the property due to facts unknown to him at the time of the sale." *Id.* at 529. This concept was reiterated in this court's decision in *Northbrook Bank & Trust Co.* See *Northbrook Bank & Trust Co.*, 2015 IL App (1st) 133426, ¶¶ 3, 5 (observing that Rule 305(k) protects the rights of a third-party purchaser from the reversal or modification of a judgment regarding that property). Similarly here, Cortez Vilico LLC was a "mere purchaser of the property" and had no interest in the foreclosure litigation other than to protect its future possessory interest in the property. Accordingly, we agree with plaintiff that this appeal should be dismissed as moot under Rule 305(k).

¶ 28                                    III. CONCLUSION

¶ 29       For the reasons stated above, the appeal is dismissed as moot pursuant to Rule 305(k).

¶ 30       Appeal dismissed.