**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210267-U

Order filed September 29, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF THE CHANNAHON PARK DISTRICT, A BODY POLITIC AND CORPORATE ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF ILLINOIS, TO SELL A PARCEL OF LAND LESS THAN THREE ACRES IN AREA | ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| (Channahon Park District, | ) ) | Appeal No. 3-21-0267 Circuit No. 21-MR-391 |
| Petitioner-Appellee, | ) ) | |
| v. | ) ) | |
| Jacob McCoy and George McCoy, | ) ) | Honorable John C. Anderson, |
| Respondents-Appellants). | ) | Judge, Presiding. |

JUSTICE HAUPTMAN delivered the judgment of the court.
Justices McDade and Peterson concurred in the judgment.

## ORDER

¶ 1     *Held*:   The appeal is dismissed as moot under Illinois Supreme Court Rule 305(k) (eff. July 1, 2017) because the subject property passed to a nonparty pursuant to a final judgment and respondents did not perfect a stay within the time for filing the appeal.

¶ 2     The Channahon Park District (Park District) filed an application for the sale of property,

located in Will County, to Tobro Ltd. (Tobro) under section 1 of the Park Commissioners Land

Sale Act (Act) (70 ILCS 1235/1 (West 2020)). Jacob and George McCoy (McCoys), who also

desired to purchase the subject property, objected to the sale. After a hearing, the circuit court granted the Park District's application for the sale of the subject property. The McCoys appealed without perfecting a stay of the circuit court's judgment. Thereafter, the Park District and Tobro closed on the sale of the subject property and Tobro recorded its special warranty deed in Will County. For the reasons discussed below, we dismiss this appeal as moot under Rule 305(k).

¶ 3                                    I. BACKGROUND

¶ 4        On September 28, 2020, the Board of Park Commissioners (Board) for the Park District unanimously approved a resolution for the sale of a 2.27-acre parcel of property that was operated as a skateboard park in Channahon, Illinois. For various reasons, the Board found the subject property was not needed, necessary, or useful to the Park District. Therefore, the resolution stated it was in the public interest to sell the subject property, subject to the approval of the circuit court.

¶ 5        Thereafter, the Park District solicited offers for the subject property. Tobro and George McCoy submitted competing offers of $550,000 and $575,000, respectively. The Park District's attorney prepared a memorandum for the Board to weigh the pros and cons of the competing offers, which were both above the appraised value of the subject property. The Park District's attorney ultimately concluded, "looking at the totality of the contracts and the likelihood that each will be consummated, I find the Tobro contract offer to be preferable to the McCoy offer."

¶ 6        On February 8, 2021, the Board unanimously approved a second resolution for the sale of the subject property. The second resolution included provisions that were identical to those contained in the first resolution. The second resolution also specifically approved the sale of the subject property to Tobro, stating the subject property was to be sold according to the terms of an attached real estate sale contract. The contract, which was executed on February 11, 2021,

2

provided for the sale of the subject property to Tobro for $550,000 and a deposit of $10,000 as earnest money. The contract noted the circuit court had to approve the sale pursuant to the Act.

¶ 7        On February 16, 2021, the Park District filed an application for the sale of the subject property in the circuit court under section 1. The Park District informed the circuit court that a resolution was adopted on February 8, 2021, determining the subject property was not needed, necessary, or useful to the Park District. Consistent with the public interest, the Park District requested leave to sell the subject property under the terms of the contract executed with Tobro.

¶ 8        On March 11, 2021, the circuit court granted the McCoys leave to appear in the circuit court. Thereafter, the circuit court scheduled a hearing on the Park District's application for the sale of the subject property for April 21, 2021. At that hearing, the circuit court received testimony from George McCoy, who owned an automobile repair and towing service on a parcel of property abutting the subject property. George testified about his offer to purchase the subject property, communications with the Park District, and revisions to his initial offer after the Board approved the sale of the subject property to Tobro. Christopher Caldwell, who was the acting president of the Board when the sale of the subject property was approved, also testified at the hearing. Caldwell described the Board's consideration of the competing offers and the factors resulting in its acceptance and approval of the Tobro offer over the McCoy offer. On May 27, 2021, the circuit court granted the Park District's application for the sale of the subject property to Tobro.

¶ 9        The McCoys filed a timely notice of appeal on June 22, 2021. On July 8, 2021, the Park District and Tobro closed on the sale of the subject property. Tobro subsequently recorded its special warranty deed in Will County on July 22, 2021.

¶ 10        Thereafter, on August 11, 2021, the Park District filed a motion to dismiss this appeal as moot under Rule 305(k), arguing the circuit court's judgment was final, the subject property was

sold to a nonparty, Tobro, and the McCoys never perfected a stay of the circuit court's judgment. The McCoys filed a response to the motion to dismiss on August 16, 2021, arguing they were not directly seeking to affect the right, title, or interest of Tobro in the subject property. Instead, the McCoys argued they were merely seeking compliance with the procedural requirements of the Act. Our court denied the Park District's motion to dismiss on August 17, 2021.

¶ 11        Approximately seven months later, on April 4, 2022, the McCoys filed a motion to remand the case to the circuit court for an evidentiary hearing on a perceived conflict of interest between Caldwell and Tobro. In the motion, which was filed under Illinois Supreme Court Rules 361 (eff. Dec. 1, 2021) and 366(a)(5) (eff. Feb. 1, 1994), the McCoys argued Caldwell had an undisclosed financial interest in the Tobro contract when he and the Board voted to approve that contract. The Park District responded to the McCoys motion on April 6, 2022. On April 8, 2022, our court took the McCoys' motion and the Park District's response with the case. We resolve that motion below.

¶ 12                                   II. ANALYSIS

¶ 13        On appeal, the McCoys attempt to challenge the circuit court's decision to grant the Park District's application for the sale of the subject property under section 1, specifically requesting that we "overturn the Court's final order of May 27, 2021." As support, the McCoys argue the Park District violated the procedural requirements contained in section 1 and, by accepting Tobro's offer to purchase the subject property, failed to act in the public interest. The Park District responds to each argument and reiterates its belief, under Rule 305(k), that the appeal is moot. For the following reasons, we agree with the Park District's mootness argument under Rule 305(k) and conclude that the appeal must be dismissed without consideration of the merits.[1]

_____

[1]We note that our consideration of the Park District's mootness argument under Rule 305(k) is not restricted by this court's denial of the Park District's motion to dismiss, which was filed before

4

¶ 14    Relevantly, Rule 305(k), which relates to the failure to obtain a stay and the effect of that failure on interests in property, provides:

> "If a stay is not perfected within the time for filing the notice of appeal, or within any extension of time granted under subparagraph (c) of this rule, the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed." Ill. S. Ct. R. 305(k) (eff. July 1, 2017).

See also *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523 (2001) (finding Rule 305(k)'s predecessor, which contained identical language to the rule's current version, required that (1) the property pass pursuant to a final judgment; (2) the right, title, and interest of the property pass to a person or entity who is not part of the proceeding; and (3) the litigating party fails to perfect a stay of the judgment within the time allowed for filing a notice of appeal); accord *Deutsche Bank National Trust Co. as Trustee for Indymac Indx Mortgage Loan Trust 2006-AR25 v. Roman*, 2019 IL App (1st) 171296, ¶¶ 23, 25. Further, an appeal is moot if there is no actual controversy or the reviewing court cannot grant effectual relief. *Steinbrecher*, 197 Ill. 2d at 522-23; accord *In re Marriage of Donald B. and Roberta B.*, 2014 IL 115463, ¶ 23. A reviewing court refrains from considering moot questions because its jurisdiction is restricted to cases that present actual controversies. See *Steinbrecher*, 197 Ill. 2d at 523; accord *Lakewood Nursing & Rehabilitation Center v. Department of Public Health*, 2015 IL App (3d) 140899, ¶ 17. If the protections contained in Rule 305(k) apply, then the issues presented in an appeal are moot because any

---

briefing. See *In re Estate of Gagliardo*, 391 Ill. App. 3d 343, 348-49 (2009) ("A motion panel's denial of a motion to dismiss before briefing and argument is not final and may be revised at any time before the disposition of the appeal."); accord *In re Marriage of Tetzlaff*, 304 Ill. App. 3d 1030, 1035 (1999).

judgment or reversal by the reviewing court would be ineffectual. See *Steinbrecher*, 197 Ill. 2d at 523; accord *Roman*, 2019 IL App (1st) 171296, ¶¶ 21-22. We review the question of whether an appeal is moot under Rule 305(k) *de novo*. See *Steinbrecher*, 197 Ill. 2d at 523.

¶ 15 Here, the right, title, and interest in the subject property passed to Tobro, a nonparty to the action, pursuant to the circuit court's final judgment, dated May 27, 2021, that the subject property could be sold to Tobro under section 1. The McCoys, at no time thereafter, perfected a stay of that final judgment. Therefore, the Park District and Tobro closed on the sale of the subject property on July 8, 2021, and Tobro recorded its special warranty deed in Will County on July 22, 2021. For these reasons, the requirements of Rule 305(k) are satisfied, requiring our court to dismiss the McCoys' appeal as moot. See *Steinbrecher*, 197 Ill. 2d at 522-23; accord *Roman*, 2019 IL App (1st) 171296, ¶¶ 23, 25. In short, our court cannot "overturn the Court's final order of May 27, 2021," as the McCoys specifically request as relief on appeal. See Ill. S. Ct. R. 305(k) (eff. July 1, 2017); *Steinbrecher*, 197 Ill. 2d at 523; *Roman*, 2019 IL App (1st) 171296, ¶¶ 21-22.

¶ 16 For these same reasons, we also deny the McCoys' motion to remand this case to the circuit court for an evidentiary hearing on a perceived conflict of interest between Caldwell and Tobro.

¶ 17 III. CONCLUSION

¶ 18 The McCoys' motion for a remand to the circuit court for an evidentiary hearing, which was taken with the case, is denied. The McCoys' appeal is dismissed as moot under Rule 305(k).

¶ 19 Motion taken with the case denied. Appeal dismissed.