2022 IL App (1st) 220183-U

THIRD DIVISION
October 19, 2022

No. 1-22-0183

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION, not in its Individual capacity but solely for as Trustee for the NRZ PASS-THROUGH TRUST XIV, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| HASSAN A. MUHAMMAD, JAMIL AYESH, BAHIEH AYESH, JOSEPH W. SNEED, ANGEL NUNEZ, MARIA E. MORA, MIGUEL MORA, UNITED STATES OF AMERICA, STATE OF ILLINOIS – DEPARTMENT OF REVENUE, | ) ) ) ) ) ) | 19-CH-12338 |
| Defendants, | ) ) | |
| (HASSAN A. MUHAMMAD, | ) ) ) | Honorable Patricia Spratt, Judge Presiding |
| Defendant-Appellant). | ) | |

_____

PRESIDING JUSTICE McBRIDE delivered the judgment of the court.
Justices Gordon and Burke concurred in the judgment.

O R D E R

¶ 1    *Held*:    Where defendant did not perfect a stay within the time for filing the appeal and the subject property passed to a nonparty, the appeal is dismissed as moot under Illinois Supreme Court Rule 305(k).

¶ 2      Defendant, Hassan A. Muhammad, *pro se* appeals the circuit court order confirming the sale of the property commonly known as 4852 South Ashland Avenue Chicago, IL 60609 (the subject property).

¶ 3      The record shows that on October 4, 1995, Jamil Ayesh and Bahieh Ayesh executed an open-end trust deed mortgage to secure repayment of a revolving loan which encumbered the subject property. The borrowers defaulted on their repayment obligation, and plaintiff,[1] Citibank, N.A., not in its individual capacity, but solely as trustee of NRZ Pass-Through Trust VI, filed a complaint to foreclose mortgage on October 23, 2019. Muhammad was named as a defendant, and listed as one of the owners of the subject property.

¶ 4      On December 12, 2019, Muhammad filed a *pro se* appearance, and on March 16, 2020, Muhammad filed a motion for an extension of time to answer or otherwise plead.

¶ 5      Thereafter, on September 8, 2020, Muhammad filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Illinois Code of Civil Procedure. Muhammad alleged that he had previously been found to be entitled to 50% interest in the subject property, and was awarded a 50% ownership interest in the subject property, in separate proceedings. Muhammad attached copies of an order entered August 29, 2014, and a judicial deed executed on October 10, 2014 by circuit court judge Kathleen M. Pantle, which referred to a September 24, 2013 order of circuit court judge Thomas Mulroy, Jr. Muhammad asserted that he was "entitled to his interest without being subjected to easements of record or any restrictions of record." Muhammad further argued that plaintiff's claim was barred by laches and estoppel.

---

[1] Due to a transfer of the mortgage loan, the plaintiff was substituted during the course of the proceedings. For clarity and consistency, we will refer to both the original and substituted plaintiffs as "plaintiff" in this decision.

¶ 6     Shortly thereafter, plaintiff was substituted due to a transfer of the mortgage loan to U.S. Bank National Association, not in its individual capacity but solely as Trustee for the NRZ Pass-Through Trust XIV.

¶ 7     On October 1, 2020, plaintiff filed a response to Muhammad's motion to dismiss. Plaintiff pointed out neither the order nor the judicial deed provided that Muhammad's title interest enjoyed priority over the earlier-recorded mortgage. Moreover, neither plaintiff nor any of its predecessors in interest were named as defendants in the prior proceedings, and therefore the court had no jurisdiction to enter an order extinguishing or modifying the mortgage holder's rights.

¶ 8     The trial court held a hearing on Muhammad's motion to dismiss, at which the parties presented argument, however, a transcript of that hearing does not appear in the record on appeal. Following the hearing, the court entered a written order denying the motion to dismiss on November 16, 2020.

¶ 9     Muhammad filed an answer and affirmative defenses on December 21, 2020. As affirmative defenses, Muhammad alleged that plaintiff could not proceed due to various moratoria during the pandemic, that Muhammad's title interest was superior and paramount to plaintiff's mortgage lien interest, and that plaintiff's claim was barred by laches.

¶ 10    Plaintiff moved to strike Muhammad's affirmative defenses on January 7, 2021. As to Muhammad's first affirmative defense, plaintiff asserted that Muhammad had not identified any particular order or provision that applied to the case or that would provide him any relief. As to the remaining affirmative defenses, plaintiff alleged that they had been previously raised in Muhammad's motion to dismiss, and had been denied on the merits. On February 3, 2021, the circuit court entered a written order striking Muhammad's affirmative defenses with prejudice.

¶ 11    Muhammad moved to reconsider on February 5, 2021. The court held a hearing at which it heard argument from the parties, although a transcript of the hearing does not appear in the record on appeal. On March 2, 2021, the court entered an order denying the motion to reconsider.

¶ 12    On March 15, 2021, plaintiff filed motions for summary judgment and for judgment for foreclosure and sale. On April 9, 2021, the trial court granted the motions, specifically entering summary judgment in favor of plaintiff and against Muhammad.

¶ 13    A sale was scheduled for November 29, 2021 pursuant to the judgment, and notice was sent on October 27, 2021 to Muhammad's appearance address and electronic mail address. On the scheduled date, the sale was held, and plaintiff purchased the property on credit bid. On February 4, 2022, the circuit court granted plaintiff's motion to confirm sale and plaintiff was awarded immediate possession of the subject property.

¶ 14    Muhammad filed a timely notice of appeal on February 9, 2022. On June 27, 2022, Plaintiff moved to dismiss the appeal for lack of jurisdiction. Plaintiff asserted that the appeal was moot, due to the fact that Muhammad never perfected a stay, and the subject property had been sold to BZ Construction, LLC, a third-party purchaser, and a special warranty deed was recorded on April 28, 2022. On July 8, 2022, this court took plaintiff's motion to dismiss with the case.

¶ 15    In this appeal, Muhammad *pro se* alleges that the trial court erred in "dismissing [his] interest in" the subject property. He further contends that the circuit court committed reversible error in denying his motion to dismiss, striking his affirmative defenses, and confirming the sale.

¶ 16    At the outset, we address plaintiff's argument that Muhammad's appeal should be dismissed as moot, because Muhammad did not perfect a stay and the subject property has since been sold to a third party.

¶ 17    "An appeal is moot if it involves no actual controversy, or the reviewing court cannot grant the complaining party effectual relief." *Deutsche Bank National Trust Co. as Trustee for Indymac Indx Mortgage Loan Trust 2006-AR25 v. Roman*, 2019 IL App (1st) 171296, ¶ 21 (citing *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001)). A reviewing court refrains from considering moot questions because its jurisdiction is restricted to cases that present actual controversies. See *Steinbrecher*, 197 Ill. 2d at 523; accord *Lakewood Nursing & Rehabilitation Center v. Department of Public Health*, 2015 IL App (3d) 140899, ¶ 17. Specifically, as is relevant to the instant appeal, "[i]t is well established that, in the absence of a stay, when the property that is the subject of an appeal is sold to a third party who is not a party to the litigation or a nominee for a party to the litigation, the appeal is moot." *Roman*, 2019 IL App (1st) 171296, ¶ 21.

¶ 18    Rule 305(k) protects the rights of a third party purchaser. The rule provides in relevant part

> "If a stay is not perfected within the time for filing the notice of appeal, or within any extension of time granted under subparagraph (c) of this rule, the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed." (Emphasis added.) Ill. S. Ct. R. 305(k) (eff. July 1, 2017).

¶ 19    The public policy behind Rule 305 to protect the integrity and finality of property sales, and that absent a policy of finality and permanence, "no person would purchase real property involved in a judicial proceeding, if afterwards he incurred the hazard of losing the property due

to facts unknown to him at the time of the sale." *Steinbrecher*, 197 Ill. 2d at 529. Rule 305(k) applies if (1) the property passed pursuant to final judgment, (2) the right, title, and interest of the property passed to a party who is not a party to the action, and (3) the litigating party failed to perfect a stay of judgment within the time allowed for filing a notice of appeal. *Roman*, 2019 IL App (1st) 171296, ¶ 23; see also *Steinbrecher*, 197 Ill. 2d 514 at 523. If the protections contained in Rule 305(k) apply, then the issues presented in an appeal are moot because any judgment or reversal by the reviewing court would be ineffectual. See *Steinbrecher*, 197 Ill. 2d at 523; accord *Roman*, 2019 IL App (1st) 171296, ¶¶ 21-22. We review the question of whether an appeal is moot under Rule 305(k) *de novo*. See *Steinbrecher*, 197 Ill. 2d at 523.

¶ 20     In this appeal, Muhammad does not assert that any of the elements of Rule 305(k) were not established. Muhammad acknowledges that there was a "third-party sale of the property," but appears to merely challenge the fairness of the Rule's application. Muhammad also disputes plaintiff's argument that this court cannot grant him effectual relief, stating his "belie[f]" that this court "has many remedies" that we could grant him.

¶ 21     The record shows that all the elements of Rule 305(k) are clearly established in this case. On February 4, 2022, the circuit court entered a final judgment, granting plaintiff's motion to confirm sale. Muhammad did not request or obtain a stay of judgment within the time allowed for filing a notice of appeal. Thereafter, the right, title, and interest of the property passed to BZ Construction, LLC, who was not a party to the foreclosure action. Because the requirements of Rule 305(k) are satisfied, we are required to dismiss Muhammad's appeal as moot under Rule 305(k). See *Steinbrecher*, 197 Ill. 2d at 522-23; accord *Roman*, 2019 IL App (1st) 171296, ¶¶ 23, 25, 27.

¶ 22     Appeal dismissed.